Gabriel N. PRESTON and Jean Preston, individuals, Appellants Below, Appellants,

v.

The BOARD OF ADJUSTMENT OF NEW CASTLE COUNTY, Appellee Below, Appellee.

No. 410, 2000.

Supreme Court of Delaware.

Submitted: Feb. 27, 2001.

Decided: May 2, 2001.

Reargument Denied May 31, 2001.

Gabriel N. Preston and Jean Preston, pro se.

John E. Tracey, New Castle County Law Department, New Castle, Delaware, for appellee.

BEFORE: VEASEY, Chief Justice, WALSH, and HOLLAND, Justices.

PER CURIAM.

In this appeal, we consider whether the Superior Court properly determined that the appeal of the Appellants/Defendants-below, Gabriel and Jean Preston (the "Prestons"), should be dismissed for failure to join a party as required by Superior Court Civil Rule 19, and that such failure was not cured by the relation-back requirements of Superior Court Civil Rule 15(c). While we conclude that the Superior Court correctly ruled that the Prestons failed to join an indispensable party in their appeal, we further conclude that AT&T Wireless of Philadelphia, LLC ("AT&T") constructively intervened in the appellate proceedings and is thus properly a party to the appeal. Accordingly, the judgment of the Superior Court is reversed.

I

In November 1999, AT&T applied to the New Castle County Board of Adjustment ("Board") for a Special Use Permit. AT&T proposed to construct a 133–foot telecommunications monopole that was to be located within 500 feet of a residentially-zoned parcel of land. AT&T's application was granted by the Board on January 12, 2000.

The Prestons, who reside near the proposed construction, opposed AT&T's application from the outset. Following the Board's decision to grant the Special Use Permit, the Prestons filed a timely Writ of Certiorari to the Superior Court on Febru-

ary 9, 2000 as required by 9 *Del.C.* § 1314(a). The Prestons, however, named only the Board, and not AT&T, as respondents. The Superior Court issued the Writ of Certiorari on February 11, 2000. On February 22, 2000, the Writ of Certiorari was served on New Castle County. Counsel for New Castle County sent a copy of the Writ of Certiorari, via facsimile, to counsel for AT&T on February 22 or 23, 2000 in order to inform AT&T of the pendency of the appeal.

On March 14, 2000, the Board moved to dismiss the appeal based on the Prestons' failure to name AT&T in the Writ of Certiorari in violation of Superior Court Civil Rule 19. The Board contended that AT&T was required to be named in the appeal because it was an indispensable party. On July 5, 2000, the Prestons sought a restraining order in the Superior Court to enjoin the construction of the monopole pending resolution of their appeal. Following a hearing on July 7, 2000, the restraining order was dissolved.[1] On July 25, 2000, the Superior Court granted the Board's Motion to Dismiss, concluding that AT&T was an indispensable party and the Prestons were incapable of satisfying the relation-back requirements of Superior Court Civil Rule 15(c).

## II

■ This Court reviews *de novo* a ruling of the Superior Court granting or denying a motion to dismiss. *See Precision Air, Inc. v. Standard Chlorine of Delaware, Inc.*, Del.Supr., 654 A.2d 403, 406 (1995); *State v. Cephas*, Del.Supr., 637 A.2d 20, 23 (1994).

## A.

The Prestons assert that AT&T is not an indispensable party to the appeal because they complied with the terms of 9 *Del.C.* § 1314(a), which governs a petition for a Writ of Certiorari to review a decision of the Board.[2] The Prestons further contend that if AT&T is an indispensable party, they should be permitted to amend their appeal to name AT&T as a respondent pursuant to Superior Court Civil Rules 15(c) and 21. The Board counters that the Prestons' failure to name all parties to the appeal is a fatal defect because AT&T is an indispensable party who cannot now be joined due to the expiration of the statutory period for filing a Writ of Certiorari. The Board further contends that the Superior Court has no discretion to permit the joinder of AT&T because the Prestons cannot satisfy the requirements of Rule 15(c).

■ It is a well-settled principle in Delaware that, wherever possible, appeals will not be dismissed on the basis of a technical defect. This Court has consistently endorsed a policy favoring substantive review of appeals. *See Di's, Inc. v. McKinney*, Del.Supr., 673 A.2d 1199, 1202 (1996); *State Personnel Comm'n v. Howard*, Del.Supr., 420 A.2d 135, 137 (1980); *Episcopo v. Minch*, Del.Supr., 203 A.2d 273, 275 (1964). It is equally well-settled

---

1. Counsel for AT&T were present at and participated in the hearing on July 7, 2000, though they did not enter an appearance on that date. Specifically, counsel for AT&T commented on the completion date of the monopole, AT&T's compliance with FCC emissions standards, and the intended commencement date of the construction.

2. Subsection (a) of § 1314 provides as follows:

Any person aggrieved by any decision of the Board of Adjustment, or any taxpayer or any officer, department, board or bureau of the County, may present to the Superior Court a petition duly verified alleging that such decision is illegal in whole or in part, and specifying the grounds of illegality. The petition shall be presented within 30 days after the filing of the decision in the office of the Board.

that "all parties to the litigation who would be directly affected by a ruling on the merits of an appeal, should be made party to the appellate proceedings." *Howard*, 420 A.2d at 137. This policy is clearly reflected in Superior Court Civil Rule 19(a).[3]

■ As the Superior Court correctly concluded, AT&T has a vested interest in the subject matter of the Prestons' appeal, and is therefore an indispensable party as provided by Rule 19(a). It was AT&T that sought and received the Special Use Permit to construct the monopole and has expended the time and money necessary to complete the construction of the monopole to effectively serve its customers. It is AT&T's use of the property that may be "impeded or impaired" if the Prestons' challenge to the validity of the Board's decision is successful. AT&T is therefore a necessary party for a just adjudication of this dispute.

■ The Prestons argue that even if AT&T is an indispensable party, Superior Court Rules 15(c) and 21 permit an amendment to the Writ of Certiorari, even though the statute of limitations has expired. The scope of Rule 15(a) has been extended to include the substitution or addition of a party to a pleading, even after the statute of limitations has expired, as long as the requirements of Rule 15(c) are met. *See Mullen v. Alarmguard of Delmarva, Inc.*, Del.Supr., 625 A.2d 258, 263 (1993) (citing *Mergenthaler, Inc. v. Jefferson*, Del.Supr., 332 A.2d 396 (1975)). If the requirements of Rule 15(c) are satisfied, then relation back to the original date of the pleading is permitted, allowing joinder of a party under Rule 21.[4]

Rule 15(c) sets forth three requirements that must be met before relation back will be permitted. First, the claim asserted in the amended pleading must arise out of the same conduct or occurrence set forth in the original pleading. Second, the party to be added by the amendment must receive notice of the action within the required statutory period. Finally, Rule 15(c) requires that within the same statutory period, the party to be added to the action knew or should have known that but for a mistake concerning the identity of the proper party, the action would have been brought against the party sought to be added to the pleading.

It is clear from the record that the Prestons cannot meet the second requirement of Rule 15(c). The decision of the Board was announced on January 12, 2000. AT&T received notice of the Prestons' appeal from counsel for the Board on either February 22 or 23, 2000. AT&T's informal notice of the Prestons' appeal was not within the statutorily mandated 30–day period, thereby precluding relation back to the date of the original pleading. Therefore, the Prestons cannot invoke Rule 15 to amend their appeal to include AT&T.

#### B.

■ We conclude, however, that the Prestons' failure to name AT&T as a party to the action did not preclude the Superior Court from invoking its jurisdiction over the action because the Prestons complied with the requirements of 9 *Del.C.*

---

**3.** Rule 19(a) provides in pertinent part:
   A person ... shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of an action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or

impede the person's ability to protect that interest. . . .

**4.** Superior Court Civil Rule 21 provides in pertinent part: "Parties may be dropped or added by order of the Court on motion of any party or of its own initiative at any stage and on such terms as are just."

§ 1314(a). Generally, if a party fails to perfect an appeal within the statutorily mandated period, a jurisdictional defect results, thereby preventing the appellate court from exercising jurisdiction. *See Riggs v. Riggs,* Del.Supr., 539 A.2d 163, 164 (1988); *Fisher v. Biggs,* Del.Supr., 284 A.2d 117, 118 (1971). The filing of a notice of appeal within the prescribed period, however, confers jurisdiction on the appellate court, which will not dismiss the appeal for a defect that does not result in substantial prejudice to a party in interest. *See Howard,* 420 A.2d at 138; *see also McKinney,* 673 A.2d at 1203; *Weston v. State,* Del.Supr., 554 A.2d 1119, 1122 (1989). In this case, the Writ was filed and verified within the statutory 30–day period and it named the Board as a respondent as required by § 1314(a). We conclude that compliance with § 1314(a) is sufficient to invoke the jurisdiction of the Superior Court.

■■■ Pursuant to Superior Court Civil Rule 24, any party may intervene in an action, upon a timely application to the court, when a statute grants the right to intervene or when a party "claims an interest relating to the property or transaction which is the subject matter of the litigation." Generally, the party seeking to intervene must take some affirmative action, such as filing a motion upon the parties, before intervention will be granted by the court. *See* Super.Ct.Civ.R. 24(c). Other jurisdictions have recognized the principle of constructive intervention, *i.e.,* a party may be said to "constructively intervene" in a proceeding under certain circumstances. *See Ross v. Ross,* N.J.Super., 308 N.J.Super. 132, 705 A.2d 784 (1998); *Schulz, Davis, & Warren v. Marinkovich,* Mont.Supr., 203 Mont. 12, 661 P.2d 5

(1983); *cf. Baca v. Catron,* N.M.Supr., 24 N.M. 242, 173 P. 862 (1917) ("A person not named in the complaint nor served with summons, if he has an interest in the matter in litigation, makes himself a party to the cause by acts and conduct on his part amounting to a general appearance."). Indeed, the Superior Court, in a decision rendered after the entry of the decision from which this appeal was taken, recognized the concept of constructive intervention. *See Riedinger v. Board of Adjustment of Sussex County,* Del.Super., C.A. No. 99A–03–003, 2000 WL 33114345, Graves, J. (Sept. 26, 2000).[5]

In *Riedinger,* Dominic and Leslie Marra (the "Marras"), applied to the Board of Adjustment of Sussex County for a variance from the setback requirements of the county zoning code. Despite opposition to the proposal from the Marras' neighbor, Albert Riedinger ("Riedinger"), the Board approved the Marras' request. Riedinger appealed the Board's decision, but named only the Board of Adjustment as a party. The Marras received notice of the appeal after the 30–day statute of limitations had run. Subsequent to the appeal, Riedinger filed a Motion to Stay the proposed construction until after the appeal was completed. The Marras participated in the hearing on that motion. After the motion was denied, the Marras requested, and were granted, an opportunity to submit an *amicus curiae* brief in support of their position.

The court in *Riedinger* found that the Marras had not technically intervened, but acted to protect their interests in the case. The Superior Court concluded that because the Marras had taken affirmative steps to protect their interests through their participation in the Motion to Stay

---

**5.** The *Riedinger* decision was brought to the attention of the Court by counsel for appellee, New Castle County, even though it is apparently adverse to its interests. The action of

counsel is commendable and in accordance with the high standards expected of members of the Delaware Bar.

and by filing an *amicus* brief on appeal, they had constructively intervened in the action and were therefore parties to the appeal.

We adopt the Superior Court's analysis in *Riedinger*. While AT&T did not file an *amicus curiae* brief in this matter, it did participate in the stay proceedings to protect its interests during the pendency of the appeal. Had the Superior Court granted the restraining order, AT&T undoubtedly would have sought to appeal based on the effect of the restraining order on its property interests. Accordingly, we conclude that AT&T constructively intervened through their conduct and as such are now parties to the appeal.

For the foregoing reasons, the decision of the Superior Court is REVERSED and this case is REMANDED for further proceedings consistent with this opinion.