AMERICAN FUNDING SERVICES, Plaintiff Below, Appellant,

v.

STATE of Delaware and Justice of the Peace Court No. 2, Defendants Below, Appellees.

No. 513, 2011.

Supreme Court of Delaware.

Submitted: Feb. 1, 2012.
Decided: Feb. 21, 2012.

1. The Court *sua sponte* assigned pseudonyms to the parties by Order dated September 16, 2011. Supr. Ct. R. 7(d).

Samuel L. Guy, Esquire, Wilmington, Delaware, for appellant.

Ralph K. Durstein, Esquire, Department of Justice, Wilmington, Delaware, for appellees.

Before STEELE, Chief Justice, HOLLAND and RIDGELY, Justices.

HOLLAND, Justice:

The plaintiff-appellant, American Funding Services ("American Funding"), ap-

peals from a Superior Court judgment that granted the State's motion to dismiss American Funding's petition for a writ of *certiorari*. American Funding raises three arguments on appeal. First, American Funding contends that the Superior Court erred when it applied the wrong standard for reviewing a motion to dismiss. Second, American Funding contends that the Superior Court committed an error of law by exceeding its jurisdiction. Third, American Funding contends that the record provided to the Superior Court was inaccurate and incomplete. We have concluded that American Funding's appeal is without merit.

### Facts

On October 8, 2008, American Funding posted $5,000 cash bail for a criminal defendant, Troy Neal, in the Justice of the Peace Court. On November 19, 2008, Neal failed to appear for a Rule to Show Cause hearing. The notice for that hearing contains the following notation: "Bail is forfeited. Capias issued. Hearing on Dec. 19th, 2PM. If Defendant is brought to Court on or before, Court will entertain motion to return all or part of bond." A bail hearing was subsequently scheduled for "on or before December 19, 2008." The notice for that hearing contains notations for service to "Bond Company" and "Defendant," *i.e.*, Neal. The bail and disposition sheet attached to the December 19, 2008 hearing notice states: "Bondsman did not appear. Defendant is still wanted. Bail is forfeited."

American Funding did not take further action until April 28, 2011 when it filed a petition for a writ of *certiorari*, requesting that the Superior Court review the actions

taken by the Justice of the Peace Court No. 2 ("JPC"). On August 23, 2011, the Superior Court entered an order dismissing American Funding's petition. This appeal followed.

### Dismissal Standard

■■■ This Court reviews *de novo* a ruling of the Superior Court granting or denying a motion to dismiss.[1] The standard to be followed when considering a motion to dismiss for failure to state a claim is well-settled in Delaware:

> (i) all well-pleaded factual allegations are accepted as true; (ii) even vague allegations are "well-pleaded" if they give the opposing party notice of the claim; (iii) the Court must draw all reasonable inferences in favor of the non-moving party; and (iii) dismissal is inappropriate unless the "plaintiff would not be entitled to recover under any reasonably conceivable set of circumstances susceptible of proof." [2]

The record reflects that the Superior Court properly applied that standard, even though it did not use the phrase "any reasonable set of circumstances susceptible of proof."

### *Limited* Certiorari *Review*

■■■ In this proceeding, the Superior Court was presented with a writ of *certiorari*, not an ordinary appeal. In *Maddrey v. Justice of the Peace Court 13*, this Court articulated three principles that are applicable in such cases.[3] "First, the Superior Court has original and exclusive jurisdiction among trial courts ... to issue com-

1. *Preston v. Bd. of Adjustment*, 772 A.2d 787, 789 (Del.2001).

2. *Savor, Inc. v. FMR Corp.*, 812 A.2d 894, 896–97 (Del.2002) (internal citations omitted).

3. *Maddrey v. Justice of the Peace Court 13*, 956 A.2d 1204, 1207 (Del.2008).

mon law writs of *certiorari....*" [4] Second, the Superior Court's review is "limited to errors on the face of the record." [5] "Third, the record reviewable by the Superior Court ... consists only of the complaint initiating the proceeding, any written answer or response, and the docket entries." [6]

■ A writ of *certiorari* is not the equivalent of an appeal; [7] therefore, the nature of the Superior Court's review is limited. The Superior Court does not consider the merits of the case. [8] It engages in only three inquiries: "[W]hether the lower tribunal (1) committed errors of law, (2) exceeded its jurisdiction, or (3) proceeded irregularly." [9] In *Maddrey v. Justice of the Peace Court 13*, we explained our examination of these three inquiries as follows:

A decision will be reversed for an error of law committed by the lower tribunal when the record affirmatively shows that the lower tribunal has proceeded illegally or manifestly contrary to law. Reversal on jurisdictional grounds is appropriate only if the record fails to show that the matter was within the lower tribunal's personal and subject matter jurisdiction. Reversal for irregularities of proceedings occurs if the lower tribu-

nal failed to create an adequate record for review. [10]

Accordingly, the question is whether American Funding can recover under any reasonably conceivable set of circumstances within the three-part framework set forth in *Maddrey v. Justice of the Peace Court 13*.

### *Petition Properly Dismissed*

■ Justice of the Peace Criminal Rule 46 unequivocally states: "If there is a breach of condition of a bond, the Court *shall* declare a forfeiture of the bail." [11] Indeed, "[a] bail bond is a contract between the government, on the one side, and the principal and sureties on the other." [12] Thus, "[t]he failure of the defendant to appear is a breach of contract, which in turn triggers the forfeiture of the bond. When there is a breach of the condition of the bail, the court has no discretion, it must declare forfeiture." [13]

■ The record reflects that the dismissal of American Funding's petition for a writ of *certiorari* was appropriate. Neal failed to appear at the November 19, 2008 hearing. Even though forfeiture was appropriate at that time, the JPC gave American Funding an additional month to produce Neal. But, neither Neal nor Amer-

---

4. *Id.*

5. *Id.*

6. *Id.*

7. *Id.* at 1213.

8. *Id.*

9. *Id.*

10. *Id.* at 1214 (quoting *Christiana Town Ctr., LLC v. New Castle Cnty.*, 2004 WL 2921830, at *2 (Del. Dec. 16, 2004) (internal quotation marks omitted)).

11. J.P. Ct.Crim. R. 46(e)(1) (emphasis added).

12. *State v. Jefferson*, 2003 WL 22931392, at *1 (Del.Com.Pl. Oct. 10, 2003) (quoting *State v. Mitchell*, 212 A.2d 873, 884 (Del.Super.Ct.1965)).

13. *Id.* (citing *State v. Mitchell*, 212 A.2d at 886). "The purpose of the bail bond is to assure the detainee's appearance at the scheduled hearing, not at a later hearing once the person has been located by a bounty hunter or has been arrested on some other charge." *T & H Bail Bond v. Div. of Child Support Enforcement*, 1997 WL 295664, at *2 (Del. Fam.Ct. Mar. 25, 1997) *aff'd, sub nom. Pridgen v. Div. of Child Support Enforcement*, 1997 WL 597118 (Del. Sept. 22, 1997).

ican Funding appeared at the December 19, 2008 hearing. By failing to produce Neal, American Funding breached its contract with the State and forfeiture of the bail bond was required. Accordingly, the JPC did not commit an error of law.

■ American Funding has failed to satisfy the other two grounds for reversal under *Maddrey*. Under the second inquiry, the JPC clearly retained personal and subject matter jurisdiction over Neal. American Funding does not dispute that the JPC properly retained personal and subject matter jurisdiction over Neal when it ordered forfeiture of the bail bond on November 19, 2008. Finally, American Funding has not demonstrated that the "lower tribunal failed to create an adequate record for review." The Superior Court correctly found that the JPC record "reflects on its face each event that occurred, as well as when and where."[14] Accordingly, the Superior Court concluded that "[t]he record is adequate for review and shows no irregularity."[15]

■ Although the JPC record in this case is not extensive, it is adequate for the purposes of discharging the limited *certiorari* review that is mandated by our holding in *Maddrey*. The record reflects that American Funding cannot "recover under any reasonably conceivable set of circumstances susceptible of proof."[16] While the Superior Court did not recite that dismissal standard *in haec verba*, it correctly applied *Maddrey* to the facts of this case. Therefore, the Superior Court properly granted the motion to dismiss American Funding's petition for a writ of *certiorari*.

### Conclusion

The judgment of the Superior Court is affirmed.

14. *American Funding Servs. v. State*, 2011 WL 3689250, at *2 (Del.Super.Ct. Aug. 23, 2011).

15. *Id.* A writ of *certiorari* is not the equivalent of an appeal and the reviewing court "cannot look behind the face of the record. Rather, it can only review the record for the purpose of confirming an irregularity in asserting jurisdiction, an improper exercise of its power or the declaration of an improper remedy by the inferior tribunal." *Maddrey v. Justice of the Peace Court 13*, 956 A.2d at 1215.

16. *Savor, Inc. v. FMR Corp.*, 812 A.2d at 897.