## SUPERIOR COURT
## OF THE
## STATE OF DELAWARE

RICHARD R. COOCH
RESIDENT JUDGE

NEW CASTLE COUNTY COURTHOUSE
500 North King Street, Suite 10400
Wilmington, Delaware 19801-3733
(302) 255-0664

Gerald Jones
P.O. Box 2142
Jenkintown, Pennsylvania 19046
Plaintiff Below/Appellant, *pro se*

Stephen F. Dryden, Esquire
Dryden LLC
92 Read's Way, Suite 104
New Castle, Delaware 19720
Attorney for Defendant Below/Appellee
The Hertz Corporation

Erika R. Caesar, Esquire
Ballard Spahr LLP
919 North Market Street, 11th Floor
Wilmington, Delaware 19801
Attorney for Defendant Below/Appellee
Citigroup Inc. d/b/a Citibank

> ### Re: *Gerald Jones v. The Hertz Corporation and Citigroup Inc. d/b/a Citibank*
> ### C.A. No. N13A-07-006 RRC

> Submitted: April 9, 2014
> Decided: July 8, 2014

On Plaintiff Below/Appellant's Appeal from a Decision of the Court of Common Pleas.
### AFFIRMED.

Dear Mr. Jones, Mr. Dryden, and Ms. Caesar:

## I.  INTRODUCTION

Gerald Jones ("Appellant") has appealed a decision of the Court of Common Pleas granting the Motions to Dismiss of Appellees The Hertz Corporation ("Appellee Hertz") and Citigroup Inc. d/b/a Citibank ("Appellee Citigroup," or collectively "Appellees").  This case requires this Court to decide whether to affirm the lower court's holding by determining whether Appellant violated the so-called "mirror image" rule, as set forth in Court of Common Pleas Civil Rule 72.3(f),[1] when he filed his appeal to the Court of Common Pleas from an adverse decision in Justice of the Peace Court.  Also at issue is whether the Court of Common Pleas erred when it did not *sua sponte* allow Appellant to amend his complaint to comply with said rule.

## II.  FACTS

This dispute arises from a vehicle rented in Washington D.C. on April 23, 2012.[2]  Appellant claims he rented the vehicle for a single day for an authorized payment of $94.19, providing his Citibank card as security.[3]  Appellant claims he returned the car the next day to a "combined public rental car lot" in Washington, D.C.[4]  Appellees claim he never returned the car and it was reported stolen in June 2012.[5]  Appellant was eventually charged $9,138.51 in additional fees for the purportedly missing vehicle.[6]  Appellee Hertz in February 2013 retained the services of Collateral Consultants LLC to help locate the vehicle.[7]  The vehicle was eventually recovered at Appellant's house in Jenkintown, Pennsylvania almost a year later in February of 2013.[8]  He contends that he regained possession of the vehicle shortly before it was recovered.[9]

---

[1] Ct. Com. Pl. Civ. R. 72.3(f). "Jurisdiction.  An appeal to this court that fails to join the identical parties and raise the same issues that were before the court below shall result in a dismissal on jurisdictional grounds.  Compliance with paragraph (d) of this Rule shall constitute transfer of jurisdiction of the civil action from the Justice of the Peace Court to the Court of Common Pleas."

[2] Appellant's Opening Br. at 2.

[3] *Id.*

[4] *Id.* at 3.

[5] Appellee Citigroup Ans. at 1, Appellee Hertz Ans. at 4, Appellant's Br. at 3.

[6] Appellant's Br. at 3.

[7] Ex. 1 to Appellant's Br. at 12.

[8] Appellant's Br. at 3.

[9] Ex. 1 to Appellant's Br. at 12.

## III.  PROCEDURAL HISTORY

Appellant filed suit against Appellees in Justice of the Peace Court on January 18, 2013 for the allegedly "fraudulent" charges, submitted by Appellee Hertz and processed by Appellee Citigroup.[10]  Appellant asked for $13,938 (accounting for the $9,138.51 and assorted costs) and court costs.[11]  Hertz filed a counterclaim in Justice of the Peace Court for $15,000 in additional charges and fees.[12]  A trial was held on April 25, 2013 and the Justice of the Peace Court held in a written decision that Appellant "failed to meet the burden of proof…[and] did not supply the Court with any credible evidence showing that he returned the vehicle on April 24, 2013 …[or] that Defendant Citibank acted improperly [in processing the Hertz charges]."[13]  The Justice of the Peace Court also awarded Appellee Hertz its counterclaim for $15,000 plus 5.75% post-judgment interest.[14]

Appellant appealed that decision to the Court of Common Pleas.  Appellant requested $313,978 in damages in a ninety-four paragraph complaint on appeal and listed seven counts against Appellees.  They included:

1. "Breach of Fiduciary Responsibility" against Appellee Citigroup for processing the charges from Appellee Hertz;
2. "Unjust Enrichment" against Appellees for the $9,138.51 in charges;
3. "Fraud Against Plaintiff" against Appellee Hertz for alleged "numerous false representations" made to Appellee Citigroup, by Appellee Hertz's reporting the vehicle stolen, and its collecting insurance proceeds while still attempting to recover fees from Appellant;
4. "Defamation" against Appellee Hertz for "habitually disseminat[ing] derogatory communications regarding [Appellant]" and maintaining "defamatory statements against [Appellant] in its files" that caused "emotional distress, embarrassment, and/or adverse credit scoring and denial of further credit;"
5. "Violation of Fair Credit Reporting Act" against Appellee Hertz for its and Collateral Consultants LLC's  access of Appellant's and Appellant's spouse's credit reports;
6. "Negligence" against Appellees for damages including "costs of credit repair [and] medical care for negligent infliction of emotional distress;" and

---

[10] Appellant's Br. at 2.
[11] Appellant's Br. at 3, Appellee Hertz Ans. at 1.
[12] Appellee Hertz Ans. at 1.
[13] Ex. A to Appellee Hertz Ans.
[14] *Id.*

7. "Reckless and Wanton Misconduct" warranting an award for apparently punitive damages to be determined at trial against Appellees for their actions in this matter.[15]

Both Appellees filed separate Motions to Dismiss citing violation of the mirror image rule.[16] After a hearing on June 28, 2013, the Court of Common Pleas granted the Motions to Dismiss in a bench ruling.[17] It appears from a review of the record that no Motion to Amend the Complaint was ever filed by Appellant, nor did Appellant verbally request to amend his complaint during the June 28 hearing.[18] Appellant timely appealed to this Court.

## IV.  PARTIES CONTENTIONS

### A. Appellant's Contentions

Appellant contends that the Court of Common Pleas did not adequately consider his claim when it dismissed his appeal on a "technical violation," namely, the mirror image rule.[19] Appellant contends that the Court should not have dismissed his claim solely based on "noncompliance" with Court rules and should have addressed the substance of the case.[20] Appellant also claims that Appellees failed to adequately prove that he violated the mirror image rule at all.[21] Appellant concedes that his Court of Common Pleas appeal was "more volumeous [sic] than that as summarized on the Justice of the Peace claim form."[22] However, he argues that all of his claims are either "identical claims or claims that are inherently part" of the earlier proceedings.[23] He also claims that the inclusion of any differences between his Court of Common Pleas appeal and the Justice of the Peace proceedings are supported by case law.[24] Lastly, Appellant contends that, if a mirror image rule violation existed, he should have been afforded the opportunity to amend his complaint and to correct the violation.[25] Appellant requests either Superior Court *de*

---

[15] Ex. 1 to Appellant's Br.

[16] Appellant's Br. at 5.

[17] Ex. B to Appellee Hertz Ans.

[18] Appellant discussed amended complaints with the Court of Common Pleas when reciting case law, but never explicitly requested to amend his own complaint. *See id.*

[19] Appellant's Br. at 7.

[20] *Id.* at 9.

[21] *Id.* at 14.

[22] *Id.* at 17.

[23] *Id.*

[24] *See Id.* at 19-21.

[25] Appellant's Br. at 21.

*novo* review of his case on the merits or, alternatively, to remand the case to the Court of Common Pleas so that he may file an amended complaint in that court.[26]

## B. Appellee Hertz's Contentions

Appellee Hertz contends that "[t]he complaint on appeal expands from a one paragraph debt action into a form completely and totally divergent from that taken to trial in April, 2013."[27] It argues "Appellant's Complaint on appeal is, on its face, clearly violative of [the mirror image rule.]"[28] Appellee Hertz maintains the appeal contains multiple claims that were not present in the initial action, and damages that exceed the jurisdiction of the Court of Common Pleas.[29] Appellee Hertz further contends that at least one of the expanded claims, the negligence claim, is not even within the jurisdiction of the Justice of the Peace Courts.[30] Appellee Hertz also takes the position that Appellant was trying to "bring[ ] a new party [Collateral Consultants LLC] not before the lower court into the mix" in its ground citing the Fair Credit Reporting Act, all in violation of the mirror image rule.[31]

Appellee Hertz also disputes Appellant's contention that the Court of Common Pleas should, *sua sponte*, have allowed Appellant to amend his complaint.[32] Appellee Hertz first points to the fact that no Motion to Amend was ever presented to the Court of Common Pleas. Secondly, Appellee Hertz argues that in any event due to the violation of the mirror image rule, the Court of Common Pleas never had jurisdiction over Appellant's claim, and therefore did not have discretion to allow an amended complaint.[33]

## C. Appellee Citigroup's Contentions

Appellee Citigroup argues several points similar to those of Appellee Hertz. It categorizes the original dispute as "a simple (and frivolous) action in debt seeking less than $15,000 in damages" that was "entirely transformed" when it reached the Court of Common Pleas.[34] Appellee Citigroup contends that "the seven causes of action and exorbitant damages do not reflect the same issues raised in the JP Court

---

[26] *Id.* at 24.
[27] Appellee Hertz Ans. at 8.
[28] *Id.*at 5.
[29] *Id.*at 4-5.
[30] *Id.*at 5.
[31] *Id.*at 6.
[32] *Id.*
[33] Appellee Hertz Ans. at 7.
[34] Appelle Citigroup Ans. at 4.

Action" and therefore clearly violate the mirror image rule.[35]  It points specifically to the grounds for negligence and defamation as arguments that cannot be considered as part of the original Justice of the Peace claim.[36]

Appellee Citigroup also argues, as does Appellee Hertz, that the Court of Common Pleas never obtained jurisdiction over the matter due to a violation of the mirror image rule and as such could not allow an amended pleading.[37]

## V.   STANDARD OF REVIEW

Appeals from the Court of Common Pleas to this Court "shall be reviewed on the record and shall not be tried de novo."[38]  The Superior Court's function when addressing an appeal from the Court of Common Pleas is similar to that of the Delaware Supreme Court.[39]  The Superior Court must limit its review to correcting errors of law and determining whether the Trial Judge's factual findings "are adequately supported by the record and are the product of orderly and logical deductive process."[40]  If a Court of Common Pleas decision is supported by sufficient evidence, it must be accepted by the Superior Court.[41]

Legal conclusions of the trial judge are examined "*de novo* for errors in formulating or apply legal precepts."[42]  Evidence admissibility issues are reviewed under an abuse of discretion standard.[43]  "An abuse of discretion occurs when the trial court has 'exceeded the bounds of reason in view of the circumstances' or 'so ignored recognized rules of law or practice so as to produce injustice.'"[44]

Court of Common Pleas Civil Rule 72.3 governs *de novo* appeals from the Justice of the Peace Court to the Court of Common Pleas.[45]  Rule 72.3(f) states that "[a]n appeal to this court that fails to join the identical parties and raise the same issues that were before the court below shall result in a dismissal on jurisdictional

---

[35] *Id.* at 5.

[36] *Id.*

[37] *Id.*at 6.

[38] 10 *Del. C.* § 1326(c).

[39] *Baker v. Connell*, 488 A.2d 1303, 1309 (Del. 1985).

[40] *Romain v. State Farm Mutual Auto. Ins. Co.*, 1999 WL 1427801, at *1 (Del. Super. Dec. 2, 1999) (citing *Wyatt v. Motorola, Inc.*, 1994 WL 714006, at *2 (Del. Super. Mar. 11, 1994)).

[41] *Levitt v. Bouvier,* 287 A.2d 671, 673 (Del. 1972).

[42] *Lopez-Vazquez v. State*, 956 A.2d 1280, 1285 (Del. 2008).

[43] *Webb-Buckingham v. State*, 2009 WL 147020, at *2  (Del. Super. Jan. 22, 2009) (citing *Zimmerman v. State*, 693 A.2d 311, 313 (Del. 1997).

[44] *Id.* (quoting *Lilly v. State*, 649 A.2d 1055, 1059 (Del. 1994)).

[45] Ct. Com. Pl. Civ. R. 72.3(a).

grounds." This rule, commonly referred to as the "mirror image" rule, was apparently first articulated in 1857 in *McDowell v. Simpson* and was later codified in Rule 72.3(f).[46] Generally, claims where a mirror image rule violation is asserted deal either with allegations that identical parties have not been joined or identical claims have not been joined in the appeal.[47] "However, with respect to issues, when the complaint on appeal sets forth more specifically the causes of action that were raised below but does not alter the subject matter of the case below, there is no mirror image violation."[48]

## VI. DISCUSSION

### A. The Court of Common Pleas correctly dismissed Appellant's complaint on appeal as a violation of the mirror image rule under Court of Common Pleas Civil Rule 72.3(f).

The Court must first address Appellant's argument that "[t]he Delaware Supreme Court directly rejected the notion of a technical violation of law as not being a sufficient principal cause for disposing of an appellant case in *Preston v. Board of Adjustment of New Castle County*."[49] However, the "technical defect" in *Preston* was a failure to join a party that subsequently intervened in the appellate proceedings and therefore did not "result in substantial prejudice to a party in interest."[50] *Preston* did not reject all types of technical defects as grounds for dismissal and the addition of several substantive claims and inflated damages, as in this case, appears to be a much larger defect with a much greater potential for substantial prejudice than that contemplated in that case.

Appellant's complaint was properly dismissed in this case because it was clearly in violation of 72.3(f). Appellant points to *Fossett v. DALCO Construction Company* and its discussion of the purpose of the rule to "provide[ ] for an adequate and fair hearing of the *entire* matter *de novo* by affording all parties to the Justice of

---

[46] 6 Del. (1 Houst.) 467, at 469 (Super. 1857) ("[I]t is the first requisite of a declaration that it shall correspond with the process on which the action is founded, first, in the names of the parties, secondly, in the number of the parties, thirdly, in the character or right in which they sue or are sued, and fourthly, in the cause and form of the action; and if it fails to correspond with the process in any of these particulars, the Court will, on motion, set it aside for irregularity.").

[47] *Sparks v. Kalicharan*, 2011 WL 3035227, at *2 (Del. Com. Pl. May 27, 2011).

[48] *Silverview Farm, Inc. v. Laushey*, 2006 WL 1112911, at *2 (Del. Com. Pl. Apr. 26, 2006).

[49] 772 A.2d 787 (Del. 2001). Appellant's Reply Br. at 1 (italics added).

[50] *Preston* 772 A.2d at 791. *See also Ganski v. Sussex County Zoning Bd. of Adjustment*, 2001 WL 282887, at *2 (Del. Super. Feb. 13, 2001) (Motion to Dismiss denied because the Board "suffered no prejudice").

the Peace proceeding an opportunity to argue their version of the facts, to present their view of the law's application to those facts, and to assure the *de novo* reviewing court that all relevant issues that could be presented can be heard."[51] However, that same opinion goes on to explain that the rule "spares a judge" from dealing with the problems that would arise from hearing an appeal involving a party who was, until that point, uninvolved in the litigation.[52]

Appellant is correct that there is no mirror image rule violation when a cause of action is set forth more specifically but does not alter the subject matter of the case below.[53] However, in *Silverview Farm*, the Court of Common Pleas emphasized that the complaint did not "expand the issues raised in the original complaint [and] merely states the original issues with more legal clarity and specificity."[54] That is not the case here. Appellant's claim was drastically expanded. This Court finds Appellant's argument that all seven of his grounds for relief, including grounds for negligence and defamation, are either "identical" or "inherently part" of his original claim is inaccurate. He sought to add grounds that, not only are not "inherently part" of his earlier debt action, but which would not be able to have been heard in the Justice of the Peace Court at all. As the Court of Common Pleas held in *Ceccotti v. Leight*:

> [I]t is clear in the instant case that the issue of intentional infliction of emotional distress was not and could not have been raised in the Justice of the Peace proceeding. The Justice of the Peace Court is a court of limited jurisdiction with authority derived solely from statute. As such, the Justice of the Peace Court has jurisdiction to hear debt actions, contract actions, distress for rent actions, and tort actions for injury to real or personal property. However, the statutory jurisdiction of the Justice of the Peace Court does not extend to personal injury claims including the emotional distress claims at issue in this appeal. Therefore, even if the Court were to find that Appellants could raise the issue of emotional distress solely through unrecorded testimony, which the Court does not, the Justice of the Peace Court would not have had jurisdiction to hear such a claim. Consequently, the addition of an emotional distress claim on appeal to this Court would have defeated the Mirror Image Rule's guarantee of a trial *de novo,* and constituted a clear violation of that rule.[55]

As such, Appellant's inclusion of a negligent infliction of emotional distress claim is enough on its own to violate the mirror image rule. Other cases cited by

---

[51] *Fossett v. DALCO Const. Co.*, 2004 WL 1965141, at *1 (Del. 2004) (ORDER).
[52] *Id.* In *Fossett*, the issue was a failure to include parties from the original action.
[53] *Silverview Farm,* 2006 WL 1112911, at *2.
[54] *Id.* at *5.
[55] *Ceccotti v. Leight*, 2007 WL 707552, at *2 (Del. Com. Pl. Feb. 23, 2007) (citations omitted).

Appellant as showing that non-identical claims do not violate the mirror image rule are factually distinguishable.[56]

In addition, this Court finds Appellants inclusion of Collateral Consultants LLC as "Hertz's agent" to be an attempt to include a party not included in the Justice of the Peace proceedings below and therefore a violation of Rule 72.3(f).

Appellant correctly claims that inflated damages alone do not violate the mirror image rule.[57] However, as in *Spaulding*, other violations of Rule 72.3(f) required its dismissal by the Court of Common Pleas. In any case, the amount of damages does clearly violate the jurisdiction limitations of the Court of Common Pleas under 10 *Del. C.* §1322 (a).[58]

Appellant next claims that despite the "shall" language of 72.3(f), the Court had "flexibility" when interpreting the mirror image rule and the facts of this case.[59] Appellant's claims of flexibility are misplaced and the cases on which he relies do not support his position.[60] He relies most heavily on *Meyer & Meyer, Inc. v. Brooks*, which held that "noncompliance with the mirror image does not automatically strip the appellate court of jurisdiction."[61] However, that case goes on to quote *Pavetto v. Hansen*:

> Absent good reason, such as actual or potential prejudice as a result of noncompliance, the rule should not be applied to preclude a court from possessing subject matter jurisdiction. In exercising their discretion, judges must inquire into the particular facts of each case in determining whether a dismissal based on the mirror image rule is warranted.[62]

---

[56] In *Rezak v. S & L Contractors Inc.*, the Court found a breach of warranty claim added to a breach of contract dispute did not violate the mirror image rule. 2007 WL 549905, at *1 (Del. Com. Pl. Feb. 9, 2007). In *Sparks v. Kalicharan*, the Court allowed the plaintiff to add breach of good faith and fair dealing and unjust enrichment claims to a breach of contract claim. It held these claims are inherently part of a breach of contract claim and are therefore integral to the original complaint. 2011 WL 3035227 at *4 (Del. Com. Pl. May 27, 2011).

[57] *See Spaulding v. Byrne*, 2008 WL 4838691, at *2 (Del. Com. Pl. Nov. 7, 2008) ("I find Byrne's claim which seeks monetary damages in excess of the claim in the Justice of the Peace Court, raises the same issue raised in the proceeding below and, as such, does not violate the rule. However, failure to comply with the procedural requirements of *Civil Rule 72.3* does raise issues which affect the validity of the appeal."); *Rezak*, 2007 WL 549905, at *1 ("The additional damages sought do not violate the mirror image rule because the claim on appeal is identical with the claim filed in the court below.").

[58] "The Court shall have jurisdiction over all civil actions at law where the matter or thing in controversy, exclusive of interest, does not exceed $50,000."

[59] Appellant's Br. at 10.

[60] *Freibott v. Patterson Schwartz, Inc.* dealt with the very minor technical issue of an error in the caption. 740 A.2d 4, at 6 (Del. Super. May 17, 1999).

[61] 2009 WL 498537, at *1 (Del. Com. Pl. Feb. 6, 2009).

[62] 2004 WL 2419164, at *2 (Del. Super. Sept. 29, 2004).

After an inquiry into the particular facts of this case, the Court finds more than enough "good reason" here to apply the mirror image rule and to uphold the Court of Common Pleas' dismissal of the appeal. Appellant sought to almost "entirely transform" the case on appeal to the Court of Common Pleas.

## B. The Court of Common Pleas did not err when it failed to, *sua sponte*, allow Appellant to amend his complaint to comply with the mirror image rule.

Appellant's second claim that the Court of Common Pleas was required to allow him to amend his complaint after the mirror image rule violation is without merit. *Four Corners Financial Group v. Augeley* discussed the procedure in which a case examined under the mirror image rule can later be amended:

> In order for an appeal from the Justice of the Peace Court to be perfected it must comply with the "mirror image" rule. […]After the appeal has been properly perfected this Court shall have jurisdiction as provided in Court of Common Pleas Civil Rule 72 .3(f). After this court has jurisdiction the "Court may under its rules permit modification or amendment to the pleading[s]." The Court may do so when "justice requires leave to file an omitted counterclaim, or to amend a pleading, when failure to grant such leave would deprive a litigant of his right to a *de novo* appeal[,]" or "when the complaint on appeal 'sets forth more specific claims' than those made in the original complaint, 'but does not alter the subject matter of the case below.'"[63]

The Court of Common Pleas correctly applied the mirror image rule and dismissed his appeal. As such, his claim was never "perfected" under Rule 72.3. Since *Four Corners* clearly states that the jurisdiction to grant leave to amend only occurs "after" a claim is perfected, the Court of Common Pleas never acquired jurisdiction over this claim and did not have the power to grant leave to amend the original complaint. The "does not automatically strip" language of *Meyer & Meyer* does not apply here as, in accordance with the findings above, there was "good reason" to apply the mirror image rule in this case.

Additionally, Appellant's request to be allowed to amend his complaint "to cure any technical violations of court rule" was never presented to the Court of

---

[63] *Four Corners Fin. Grp. v. Augeley*, 2011 WL 3655149, at *5 (Del. Com. Pl. Aug. 3, 2011) (citations omitted).

10

Common Pleas and was raised for the first time on appeal to Superior Court.[64] "Appellate Courts generally will refuse to review matters on appeal not raised in the Court below."[65]  Therefore, any request by Appellant to now amend his complaint in the Court of Common Pleas will not be considered.


## VII.  CONCLUSION

For the foregoing reasons, Plaintiff Below, Appellant's Appeal from a Decision of the Court of Common Pleas is **AFFIRMED.**

**IT IS SO ORDERED.**

_____
Richard R. Cooch, R.J.


oc:    Prothonotary

---

[64] Appellant's Br. at 23.
[65] *Equitable Trust Co. v. Gallagher*, 77 A.2d 548, 550 (Del. 1950).  *See also Baynard v. Delaware Attorney Servs., LLC*, 2013 WL 2325302, at *3 (Del. Super. May 23, 2013) ("An issue not raised below will not be considered on appeal…").