# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| MARIE REED,<br>KAREN CHEESEMAN,<br>SIMEON HAHN, JEFFREY<br>RICHARDSON, and MUJAHID<br>NYAHUMA,<br><br>        Appellants,<br><br>     v.<br><br>DELAWARE DEPARTMENT OF<br>NATURAL RESOURCES AND<br>ENVIRONMENTAL CONTROL,<br><br>        Appellee. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) C.A. No. N22A-11-006 SKR<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Submitted: March 10, 2023
Decided: June 28, 2023

## ORDER

*Upon Consideration of the Delaware Department of Natural Resources and Environmental Control's Motion to Dismiss:*
**DENIED**

1. This dispute stems from the Secretary of the Delaware Department of Natural Resources and Environmental Control's ("DNREC") Order No. 2021-W/CCE-00026 (the "Secretary's Order"), which authorized a subaqueous lands permit associated with the construction of a new container port on the Delaware River at the Diamond State Port

Corporation's Edgemoor property.[1] DNREC published the Secretary's Order on September 30, 2021.[2]

## PROCEDURAL OVERVIEW

2. The procedural history of this action, while sprawling, bears mention. Shortly after DNREC published the Secretary's Order, five individuals – Marie Reed, Karen Cheeseman, Simeon Hahn, Jeffrey Richardson, and Mujahid Nyahuma (collectively, the "Individual Appellants") – and the Delaware Community Benefits Agreement Coalition ("DCBAC") each filed separate *pro se* appeals of the Secretary's Order to the Environmental Appeals Board (the "Board").[3]

3. Two days after the Individual Appellants filed their appeal, Greenwich Terminals LLC, GMT Realty and Glouster Terminals LLC, the Port of Philadelphia, and Walter Curran (collectively, the "Port Operators") filed three other appeals of the Secretary's Order. The Board ultimately consolidated the Port Operator appeals with the Individual Appellants' appeals (the "Consolidated Appeal").

---

[1] D.I. 7 (DNREC's Mot. to Dismiss) at 1-2.
[2] *Id.*
[3] D.I. 4 (App.'s Op. Br.) at 1.

4. On April 28, 2022, the Board issued an order dismissing DCBAC for failure to secure legal counsel and mandating that the Individual Appellants file amended notices of appeal (which they did) and affidavits supporting their individual standing (which they did not).[4]

5. DNREC, in turn, filed a motion to dismiss the Individual Appellants from the Consolidated Appeal for lack of standing.[5] The Board held a hearing on the motion in July 2022.[6] While the Individual Appellants made statements about their standing at the July 2022 hearing, the Board did not swear in witnesses or receive exhibits.[7] After argument, the Board found that the Individual Appellants lacked standing to appeal the Secretary's Order and dismissed them from the Consolidated Appeal in a decision (the "Decision") dated October 24, 2022.[8]

6. This appeal challenges the Decision.[9] The Individual Appellants claim now, as they did before the Board, that they have standing to appeal the Secretary's Order.[10] Because the Board dismissed the Individual Appellants from the Consolidated Appeal before they presented an attack

---

[4] *Id.* at 1-2.
[5] *Id.*
[6] *Id.* at 2.
[7] *Id.*
[8] *See* EAB Appeal No. 2021-07.
[9] *See generally* D.I. 1 (Notice of Appeal).
[10] D.I. 10 (App.'s Resp. to Mot. to Dismiss) at 1.

on the merits of the Secretary's Order, the scope of this appeal is limited.[11] The Individual Appellants do not request – nor could they – a ruling on the merits of their underlying appeal, as the Court has no record upon which to make such a ruling.[12] Instead, they merely seek remand to the Board so they can be afforded a "public hearing" on the merits of their standing claim.[13]

7. DNREC, on the other hand, moves for dismissal of the appeal on two procedural grounds: (1) the Individual Appellants' failure to name one or more "indispensable" parties (the Port Operators) to the review proceeding before this Court, in violation of Superior Court Civil Rule 19; and (2) the Individual Appellants' failure to "perfect" their appeal to this Court, in violation of Rule 72.[14]

## DISCUSSION

### A. The Port Operators Are Not Necessary or Indispensable to this Limited Appeal.

8. In the exercise of quasi-judicial or adjudicatory administrative power, administrative hearings, like judicial proceedings, are governed by

---

[11] *Id.*
[12] *Id.* at 5.
[13] *Id.* at 2.
[14] *See generally* D.I. 7.

4

fundamental requirements of fairness.[15] These requirements are the essence of due process.[16] As it relates to the requisite characteristics of the proceedings, due process entails providing the parties to the proceeding with the opportunity to be heard, by presenting testimony or otherwise, and the right of controverting, by proof, every material fact which bears on the question of right in the matter.[17] "[A]ll parties to the litigation *who would be directly affected by a ruling on the merits of an appeal* should be made party to the appellate proceedings."[18]

9. Superior Court Civil Rule 19(a) makes clear that a person is "directly affected by a ruling on the merits" if:

> (1) In the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise

---

[15] *Carousel Studio v. Unemployment Ins. Appeal Bd.*, 1990 WL 91108, at *1 (Del. Super. June 26, 1990).

[16] *Id.*

[17] *Id.* at *2-4.

[18] *CCS Investors LLC v. Brown*, 977 A.2d 301, 322 (Del. 2009) (emphasis added). This holding "is reflected in Superior Court Rule 19(a)." *Id.*

> inconsistent obligations by reason of the claimed interest.[19]

The initial burden is on the moving party to show that the absent parties are "needed for a just adjudication."[20]

10. As mentioned, the appeal before the Court is limited to the issue of whether the Individual Appellants have standing to challenge the Secretary's Order before the Board. It is not a dispute over substance. So, to the extent the Port Operators have an aligned interest with the Individual Appellants in challenging the Secretary's Order, that simple shared goal does not render the Port Operators indispensable for anything and everything the Individual Appellants do. Insofar as the Port Operators are concerned, the Court's ruling here will have little (if any) bearing on their interest. Remand simply means that the Board must consider whether the Individual Appellants have standing in a proper evidentiary hearing.

11. This appeal is not "on the merits." Functionally, it is a procedural challenge. And because the Port Operators are not indispensable parties to the appeal, it is a challenge DNREC must lose.

---

[19] Super. Ct. Civ. R. 19(a).
[20] *Martinez v. E.I. DuPont De Nemours and Co., Inc.*, 82 A.3d 1, 20 (Del. Super. 2012).

## B. The Individual Appellants Complied With Rule 72's Notice and Service Requirements.

12. The power of an appellate court to exercise jurisdiction rests upon the perfecting of an appeal within the time period fixed by statute.[21] Title 7 *Del. C.* 6009(a) provides that "[a]ny [EAB] appeal shall be perfected within 30 days of the receipt of the written opinion of the Board."[22] While the statute does not define what "perfected" means, the Delaware Supreme Court has stated that generally, "[t]he filing of a notice of appeal within the prescribed period . . . confers jurisdiction on the appellate court, which will not dismiss the appeal for a defect that does not result in substantial prejudice to a party in interest."[23] "In other words, as long as the notice of

---

[21] *PNC Bank, Del. v. Hudson*, 687 A.2d 915, 916 (Del. 1997).

[22] DEL. CODE ANN. tit. 7, § 6009(a) (2022).

[23] *Preston v. Bd. of Adjustment of New Castle Cty.*, 772 A.2d 787, 791 (Del. 2001) (citing *State Personnel Comm'n v. Howard,* 420 A.2d 135, 138 (Del. 1980)). The statute at issue in *Preston* contains the phrase "presented within 30 days." *Id.* at 789 n.2 (citing DEL. CODE ANN. tit. 9, § 1314(a)). The statute at issue here reads "perfected within 30 days." DEL. CODE ANN. tit. 7, § 6009(a) (2022). No matter. The *Preston* Court ascribed the same statutory meaning to the words "present" and "perfect" when it found a technical violation will not deprive a court of jurisdiction so long as notice of an appeal had been timely filed. *Preston*, 772 A.2d at 791 ("Generally, if a party fails to perfect an appeal within the statutorily mandated period, a jurisdictional defect results, thereby preventing the appellate court from exercising jurisdiction. The filing of a notice of appeal within the prescribed period, however, confers jurisdiction on the appellate court, which will not dismiss the

appeal is timely filed in a matter, any technical deficiency with the accompanying documents will not strip this Court of jurisdiction to hear it."[24]

13. DNREC claims that the Court lacks jurisdiction to hear this matter because the Individual Appellants failed to "perfect" their appeal under Superior Court Civil Rule 72 by: (1) not sending DNREC's counsel of record a copy of the notice of appeal, and (2) not filing a certificate of mailing.[25]

14. During the pendency of this action, this Court issued its decision in *Diamond Town Tire Pros & Auto Care, LLC, et al. v. DNREC*.[26] As DNREC has acknowledged through its motion, *Diamond Town* squarely addresses the Rule 72 jurisdictional question at play here.[27]

15. The *Diamond Town* Court held that an appellant's failure to perfect a notice of appeal does not *per se* deprive the Superior Court of jurisdiction to hear the matter, so long as the appellant docketed the appeal within the 30-day window prescribed by statute.[28] If the appellant's failures are

---

appeal for a defect that does not result in substantial prejudice to a party in interest." (citations omitted)).

[24] *Diamond Town Tire Pros & Auto Care, LLC v. Delaware Dept. of Natural Resources and Environmental Control*, 2023 WL 2985256, at *2 (Del. Super. Apr. 17, 2023).

[25] D.I. 7 ¶ 4.

[26] 2023 WL 2985256.

[27] D.I. 7 ¶ 2 n.3.

[28] *Diamond Town*, 2023 WL 2985256, at *3.

severe enough, however, the Court has the power to dismiss the action under Rule 72(i).[29] "In deciding whether dismissal [under Rule 72(i)] is appropriate, the Court [considers] whether 'the level of egregiousness' of [the violation] is so high that it overcomes the interest of justice in deciding the matter on its merits."[30] Permissive dismissal was not warranted in *Diamond Town* because any prejudice caused by the appellant's service failures were, at best, minimal.[31]

16. So too here. Although the Individual Appellants' flawed service on DNREC risked a grant of permissive dismissal, they did docket the notice of appeal within the required 30-day statutory window. For present purposes, that is all the Court is concerned with. Clearly, the Individual Appellants satisfied the notice requirements as enunciated in *Diamond Town*.[32] The Court, therefore, will retain jurisdiction over the appeal.

17. For the reasons stated above, DNREC's motion to dismiss is **DENIED**.

**IT IS SO ORDERED.**

_____
Sheldon K. Rennie, Judge

---

[29] *Id.*
[30] *Id.* (citations omitted).
[31] *Id.*
[32] *Id.*

9