HENRY VECHERY, an infant, by his next friend, Frederic D. Vechery, and FREDERIC D. VECHERY, Plaintiffs, v. WILLIAM J. McCABE, Defendant.

(*October* 16, 1953.)

LAYTON, J., sitting.

*David Snellenburg, II,* for. Plaintiffs.

*Joseph H. Flanzer* for Defendant.

Superior Court for New Castle County, No. 675, Civil Action, 1953.

LAYTON, J.:

The application to open and vacate this judgment is based on Rule 60(b) of the *Civil Rules of the Superior Court Del. C. Ann.* which, insofar as material here, reads as follows:

"On motion and upon such terms as are just, the court may relieve a party * * * from a final judgment * * * for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; * * *."

Here we have a party, himself in the insurance business, who receives a letter from a lawyer making some form of demand upon him as the result of an automobile accident and who promptly forwards this demand to his insurance carrier; who, later, on July 2, received a copy of a petition and order for the appointment of a next friend in a suit obviously calculated to be brought against him; who was personally served with process on July 8, which clearly explained that he must answer within 20 days or suffer a default judgment; who does nothing until August 21, six weeks later; and who then comes into this Court upon the plea that he is entitled to consideration upon the ground of excusable neglect.

True, he may have a valid defense; that the plaintiff may not be prejudiced by being made to prove his case; that

the Courts do not favor default judgments, preferring that cases be disposed of on their merits; that, in cases such as this, the Courts are apt to favor such a petition if based upon almost any reasonable excuse.[1] Yet, there comes a time when negligence may be so gross as to amount to sheer indifference. This, I believe is such a case. If the prayer of this petition were granted, this Court would be forced to open and vacate judgments upon any excuse a petitioner elected to advance, and the words "excusable neglect" would cease to have meaning.

Finally, petitioner argues that Title 50 *U. S. C. A. Appendix*, § 520 of the *Soldiers' and Sailors' Civil Relief Act* requires that all complaints must be accompanied by an affidavit to the effect that the defendant is not in the military service, and in the absence of such an affidavit, this judgment is void in any event. The judgment is not void but, rather is voidable. In fact, this defendant was not in the military service. This argument is not acceptable. *Howie Mining Co. v. McGary, D. C.*, 256 *F.* 38. Motions denied.

[1] *Yerkes v. Dangle*, 3 *Terry* 362, 33 *A.* 2d 406; *Standard Grate Bar Co. v. Defense Plant Corp., D. C.*, 3 *F. R. D.* 371; *G. S. Congdon Hardware Co. v. Consolidated Apex Mining Co.*, 11 *S. D.* 376, 77 *N. W.* 1022.