AMANDA DU BREE RICHARDS, Executrix of the Estate of Leonard Richards, Jr., and LEONARD RICHARDS, INC., a corporation of the State of Delaware, Defendants, Appellants, v. LEONA M. HAMON, Plaintiff, Appellee.

AMANDA DU BREE RICHARDS, Executrix of the Estate of Leonard Richards, Jr., and LEONARD RICHARDS, INC., a corporation of the State of Delaware, Defendants, Appel-

lants, v. JOHN SENTMAN, JR., ALICE D. SENTMAN, and JOHN SENTMAN, III, an infant, and KAY SENTMAN, an infant, by John Sentman, Jr., their next friend, Plaintiffs, Appellees.

(*February* 20, 1962.)

SOUTHERLAND, Chief Justice, and WOLCOTT, Justice, and SHORT, Vice Chancellor, sitting.

*Frank J. Miller* for appellants.

*David B. Coxe, Jr.*, for appellees.

Supreme Court of the State of Delaware, Nos. 49 and 50, 1961.

SOUTHERLAND, Chief Justice.

The questions raised in this case are mainly procedural; but two of the rulings below require review.

On October 15, 1959, appellee Hamon filed a complaint against the executrix of the estate of Leonard Richards, Jr., seeking to recover damages for injuries suffered in an automobile accident in which Richards lost his life. On November 9, 1959, a similar complaint was filed against the estate by the Sentman appellees.

The executrix did not appear in either suit for more than a year later; and on January 29, 1960, plaintiffs moved for and were granted judgments by default against the estate, the amounts thereof to be ascertained by inquisitions. In the meantime, on January 15, 1960, plaintiffs in both cases moved to add as a party defendant Wilmington Truck Rental Co., Inc. The motions were granted; plaintiffs filed and served amended complaints; and the court, as required by the statute hereafter referred to, set a day for a hearing upon the issue raised by the amended complaints.

We pause to explain what that issue was.

Leonard Richards, Jr., the deceased, was at the time of the accident driving a car rented by him from Truck Rental. Section 6102 of Title 21 of the *Code* imposes certain requirements and liabilities with respect to such rental transactions. Any company engaged in the car rental business is required to carry approved public liability insurance insuring the renter against liability for negligent operation of the rented vehicle in certain amounts, *i.e.*, not less than the usual limits of $5,000 and $10,000 for personal injuries and $1,000 for property damage. Any such company failing to do so "shall be

jointly and severally liable with the renter for any damages caused by the negligence" of the renter in operating the vehicle. The amended complaints alleged that Truck Rental had failed to carry the required liability insurance in respect of the accident sued on and hence was jointly and severally liable with the Richards estate. This charge was apparently based on the exclusion from Truck Rental's insurance policy of any liability for accidents involving an intoxicated driver, as appears from the following:

On January 18, 1960, Continental Casualty Company of Chicago informed the executrix of the estate that it had insured Truck Rental in respect of risks involving damage to others from negligent operation by the drivers of rented cars; and that Leonard Richards, Jr., deceased, had rented a car shortly before the accident. The letter specifically referred to the pending suits against the estate. The company advised Mrs. Richards, however, that its investigation of the matter disclosed that Mr. Richards was under the influence of an intoxicant at the time of the accident, and therefore that the risk involved was not covered by the insurance.

On February 19, 1960, the defendant Truck Rental filed petitions alleging that Continental Casualty Company had issued to Truck Rental a policy insuring the drivers of rented cars from liability for negligence which policy excluded from its coverage any person who was operating a motor vehicle under the influence of a narcotic or intoxicant. The petitions prayed for an order staying all proceedings in the cases pending determination of the issue tendered by the amended complaints, i.e., whether Truck Rental had carried proper insurance. Plaintiffs agreed, and it was so ordered.

While the proceeding was pending, the insurance company on March 17, 1960, wrote Mrs. Richards a second letter advising her that it had "reconsidered the position of the Richards estate" and would afford the estate a defense under the policy, its liability, however, to extend only to the statu-

tory limits. Calling her attention to the amount of the claims, the amount of which substantially exceeded these limits, it notified her that she was entitled to engage her own counsel in the matter.

Mrs. Richards' counsel replied, contending that if the company policy with Truck Rental covered the accident its liability would extend to the policy limits as opposed to the statutory limits.

On July 13, 1960, plaintiffs filed motions to add an additional party defendant in each case, *i.e.* Leonard Richards, Inc., a Delaware corporation, one of the appellants herein. An order was entered accordingly; amended complaints were filed; and on July 19, 1960, service of summons was made on the secretary of the corporation. The effect of this service is considered hereafter.

The corporation did not appear, and on September 23, 1960, plaintiffs moved for and obtained default judgments against it, amounts to be ascertained by inquisitions.

On February 24, 1961, the estate and the corporation each filed motions for relief from the default judgments on two grounds:

(1) That the judgments were improper and premature because the issue of Truck Rental's liability had not yet been determined, and if upon trial on the merits Truck Rental was not liable, then plaintiffs could not recover against the other defendants.

(2) That the service on the corporation was defective. (This ground applied, of course, only to the defendant Leonard Richards, Inc.)

These motions were duly briefed and heard by the court, and on July 28, 1961, the judge denied the motions.

1. With respect to the first reason assigned, concerning the liability or non-liability of Truck Rental, the court ob-

served that if Truck Rental should be successful that result would not in any way affect the liability to the plaintiffs of the estate or the corporation. With this we are in accord.

The court next observed that the motions were predicated on Rule 60(b), *Del. C. Ann.* and that defendants had therefore in effect conceded that the judgments were final because Rule 60(b) applies only to final judgments (citing *Moore's Federal Practice.*)

█ We doubt whether defendants by invoking Rule 60(b) conceded that the judgments were final. Superior Court Rule 55(c) provides that a default judgment may be set aside in accordance with Rule 60(b). This apparently refers to, or at least includes, interlocutory judgments. It is to be noted that Rule 55(c) does not, like the federal rule, distinguish between "entry of default" and "default judgments". The judgments in these cases were interlocutory, and we do not think that they should be treated as final. We think that defendants in effect invoked under Rule 55(c) the discretionary power of the court over interlocutory judgments.

To support such an application, it would seem that a lesser showing would be required than to support an application for relief against a final judgment, although the reasons specified for relief may be the same.

█ But we think the court was well within its discretion in holding that the first ground assigned for relief was insufficient. Until the issue between plaintiffs and Truck Rental shall have been settled, the motions are premature. And, as the court emphasized, no other circumstance was shown in support of the first ground. No excuse was given for the long delay. In fact it appears that it was attributable at least partly to the initial denial of the insurance company that the risk was insured.

We think, however, that the order denying the motions should, as to the estate of Leonard Richards, Jr., have been

without prejudice to its right to renew the motion if Truck Rental is held to be jointly and severally liable with the estate. If Truck Rental should prevail on the merits, its judgment would obviously inure to the benefit of the estate. We do not understand plaintiffs to deny this.

Accordingly, the order of September 6, 1961, denying all the motions, should as to the estate, be modified as above indicated.

■ 2. It will be noted that we have limited the modification of the court's order to the estate only. This is because we think that the second ground of relief, applying only to the corporation, is well taken. This point relates to the service on the corporation.

The Sheriff's return is as follows:

"Served the within Summons Upon Second Amended Complaint & Order upon the Leonard Richards, Inc., a corporation of the State of Delaware, by serving the same and leaving a copy thereof with Amanda deBree Richards personally, Secretary of the Leonard Richards, Inc., a corporation as aforesaid, on the 19th day of July A.D., 1960.

So ans:

Sheriff    s/ Edgar Alexander

Writ returned July 20, 1960"

The return is, of course, defective on its face. 8 *Del. C.* § 321, specifying the methods of effecting service of process upon a Delaware corporation, permits service upon the secretary, a director, or the resident agent only "[i]f the president resides out of the State". In this case the president, Leonard Richards, Jr., was deceased and no successor had been elected. We expressly pass over the question—not raised by defendants—whether service of process may be made in the secondary manner, above referred to, if the office of presi-

dent is vacant. Here both parties appear to agree that legal service was made, and that the return only is defective.

Even so, we think the corporate defendant was entitled to relief. Until a return showing proper service upon the defendant is before the court, judgment by default should not be granted; and upon the defect being shown the judgment should be stricken off. See *Wilmington, Mayor, etc., of City of, v. Kearns*, 1 *Houst.* 362. In that case judgment by default and inquisition had been had. The return showed only "summoned" etc., without specifying personal service or service at the usual place of abode. On application of defendants for relief, the court said:

"And without such a return, no judgment by default for want of an appearance of the defendants could properly be entered."

The court set aside the judgment and inquisition, and gave leave to amend the return on condition that defendants entered their appearance.

Plaintiffs insist that the defect in the *Kearns* case has been regarded as jurisdictional. See *Hendrix v. Kelley*, 34 *Del.* 120, 123, 143 *A.* 460. But that seems wrong, if by that is meant that the service was void. The report of the *Kearns* case is meager in respect of facts, but if no lawful service had been effected, how could the return have been amended? Amendments are permitted in order that the return may conform to the facts. 1 *Woolley, Delaware Practice*, § 206. And see Judge Rodney's comment on the *Kearns* case and upon *Jones v. Hinderer*, 7 *Boyce* 516, 108 *A.* 737, in *Miles v. Layton*, 38 *Del.* 411, 424, 193 *A.* 567, 112 *A. L. R.* 786. He apparently did not regard the defect in the *Kearns* case as a jurisdictional one.

Moreover, an analysis of the pertinent procedural questions justifies the application here of a rule analogous to that of the *Kearns* case.

Suppose that the defective return comes to the court's attention at the time plaintiff moves for judgment. Would not the court require a return showing effective service of process before granting the motion? The court can not be sure that it has acquired jurisdiction over the defendant.

Suppose, again, that while defendant is in default, but before judgment is entered, he discovers the defective return and promptly moves to·quash the service. If good service has actually been made the plaintiff may in turn move for leave to amend the return, but if he does not do so, is not defendant entitled to have the service quashed?

Here the plaintiffs obtain a default judgment before the service was attacked, but we see no reason to refuse to the defendant the right to take advantage of the defective service. Plaintiffs not having moved to amend the return, defendant was entitled to have the service quashed, and the judgment taken off.

The court below relied on our holding in *Shockley v. Abbott Supply Co.*, 50 *Del.* 510, 135 *A.* 2d 607, 611. The return in that case was held to be irregular but not void. But that was a case of collateral attack. Here the defendant asserted the defect in a direct attack on the service. His point was well taken. Of course, if plaintiffs had countered with a motion for leave to amend the return, and the defendant had avowed its intention of defending on the merits, the court would no doubt have granted leave to amend and imposed appropriate terms, as was done in the *Kearns* case. But plaintiffs failed to do so, apparently erroneously relying on the rule forbidding collateral attack for irregularities.

We think, therefore, that the order of September 6, 1961, should be vacated in so far as it relates to the motions of the corporate defendant, and that the relief prayed for should be granted on appropriate terms. These terms, being in the

court's discretion, may or may not be the same as in the *Kearns* case.

One final argument of defendants needs comment. It is said that plaintiffs did not serve upon Truck Rental the second amended complaint, as required by the order of July 13, 1960. How defendants can complain of this we cannot understand. Mrs. Richards, the executrix of the estate and the secretary of the corporation, had actual knowledge through service of summons that the corporation had been sued.

The cause is remanded for further proceedings not inconsistent with this opinion.