Richard KEITH, Sr., Margaret Keith and Richard Keith, Jr., Plaintiffs,

v.

MELVIN L. JOSEPH CONSTRUCTION CO., a Delaware corporation, et al., Defendants.

Superior Court of Delaware, New Castle County.

Submitted: June 23, 1982.
Decided: July 28, 1982.

Arthur Inden and Richard A. Zappa of Young, Conaway, Stargatt & Taylor, Wilmington, for plaintiffs.

Richard K. Herrmann of Bayard, Brill & Handelman, Wilmington, for defendants, Melvin L. Joseph Const. Co.

O'HARA, Judge.

On August 8, 1980, the plaintiff, Richard Keith, Jr., was injured in an accident while swimming in a dirt or borrow pit. On September 11, 1981, he and his parents filed a complaint for personal injuries naming, as one of several defendants, the Melvin L. Joseph Construction Company. The praecipe directed that service of process be made upon "Defendant Melvin L. Joseph Construction Co., a Delaware Corporation, by serving its registered agent Melvin L. Joseph Construction Co. at Route 1, Box 218, Georgetown, Delaware 19947." On September 23, 1981, a male Deputy Sheriff for Sussex County left the complaint and summons with a clerical secretary of the defendant corporation at the address specified. The complaint and summons were brought to the attention of Melvin L. Joseph, President of the defendant corporation, but no answer or entry of appearance was filed within the 20 days prescribed by law and stipulated on the summons. Consequently, on October 30, 1981, the plaintiffs obtained a default judgment against the defendant. In November, 1981, upon learning of the default judgment, Mr. Joseph contacted the corporation's attorney, who subsequently filed a notice of appearance on November 23, 1981. Seven days later, on November 30, 1981, the defendant moved, pursuant to Superior Court Civil Rules 60(b) and 54(b), to set aside or revise the default judgment entered against it on October 30, 1981. It is this motion, which the Court now considers.

The defendant corporation has moved to set aside the judgment under Rules 60(b) and 54(b). The latter rule provides that, in multiple claim actions, judgments rendered upon fewer that all the claims can be revised before entry of judgment on all the claims, unless a determination that there is no reason for delay has been made and entry of judgment has been directed. It does not provide an independent basis for setting aside a default judgment. In determining whether to revise a default judgment pursuant to Rule 54(b) reference must be had to the standards of Rule 60(b). Therefore, the Court's findings with respect to the Rule 60(b) motion will be dispositive of the Rule 54(b) motion.

The defendant corporation's Rule 60(b) motion is predicated on three separate assertions.

I. JUDGMENT IS VOID

The defendant maintains that the default judgment should be vacated pursuant to Rule 60(b)(4) since the judgment is void due to defective service of process and/or return. Specifically, the defendant contends that the plaintiffs elected to serve process upon its registered agent and that the actual method of service did not comport with the statutory requirements for such service. The defendant also alleges the following defects in the Sheriff's return: 1) it indicated service upon Melvin L. Joseph rather than Melvin L. Joseph Construction Co.; 2) it was made or signed by someone other than the person who served process; and 3) it did not state the time of service. The plaintiffs respond that service complied with the statutory requirements for service on a Delaware corporation which acts as its own registered agent. Furthermore, the plaintiffs maintain that the alleged defects in the Sheriff's return are non-existent or are insufficient to render the judgment void.

Service of process was made pursuant to 8 *Del.C.* § 321 which provides:

(a) Service of legal process upon any corporation of this State shall be made by delivering a copy personally to any officer or director of the corporation in this State, or the registered agent of the corporation in this State, or by leaving it at the dwelling house or usual place of abode in this State of any officer, director or registered agent (if the registered agent be an individual), or at the registered office or other place of business of the corporation in this State. If the registered agent be a corporation, service of process upon it as such agent may be made by serving, in this State, a copy thereof on the president, vice-president, secretary, assistant secretary, or any director of the corporate registered agent. Service by copy left at the dwelling house or usual place of abode of any officer, director or registered agent, or at the registered office or other place of business of the corporation in this State, to be effective must be delivered thereat at least 6 days before the return date of the process, and in the presence of an adult person, and the officer serving the process shall distinctly state the manner of service in his return thereto. Process returnable forthwith must be delivered personally to the officer, director or registered agent.

In its praecipe the plaintiffs directed that service of process be made upon the corporate registered agent of the defendant corporation. The defendant corporation and its corporate registered agent were, in fact, the same entity. Service was actually made by leaving a copy of process at the place of business of the corporate defendant in the presence of an adult person. Section 321 authorizes this mode of service on a corporation but does not expressly authorize this method of service for corporate registered agents. The issue, therefore, become whether service upon a corporate registered agent, which is the corporation itself, may be effected by the methods of service designated for a corporation pursuant to § 321.

■ Two considerations persuade this Court that the statute allows additional methods of service upon a corporate registered agent which is also the corporation. First, the language of § 321 implies that service upon a corporate registered agent is not limited to that expressly authorized for it in the statute. Use of the word "may" in the sentence relating to service on a corporate registered agent contrasts with the use of "shall" and "must" in other clauses of the statute. When different terms are used in various parts of a statute, it is reasonable to assume that a distinction between the terms was intended. *C & T Associates v. Government of New Castle,* Del.Ch., 408 A.2d 27 (1979). Here, "may" infers additional manners of service.

■ Secondly, the general intent of a statute relating to service of process is to give that notice which will in the nature of things bring the attention of the corporation to the commencement of proceedings against it. 19 Am.Jur.2d § 1462. This purpose is not adversely affected by a construction of § 321 which allows for additional methods of service on the corporate registered agent under the instant circumstances. In fact, such a construction gives a sensible, practical, and reasonable meaning to the statute, that may be applied in future cases without difficulty. *Thomas v. Veltre,* Del.Super., 381 A.2d 245 (1977), *Application of Penny Hill Corporation,* Del. Supr., 154 A.2d 888 (1959).

■ The Court, therefore, holds that, where a corporate registered agent is the corporation sought to be noticed, service of process may be made by any method authorized by § 321 for service on a corporate registered agent or upon a corporation. The default judgment is, therefore, not void for defective service.

■ The Court also holds that the alleged defects in the Sheriff's return do not render the judgment void. A return showing proper service upon the defendant is a necessary prerequisite to the granting of a default judgment. *Richards v. Hamon,* Del. Supr., 4 Storey 322, 178 A.2d 140 (1962). A

return complete and regular on its face is prima facie evidence of the facts stated thereon and strong and convincing proof is required to rebut the presumption of its verity. *Cohen v. Brandywine Raceway Association,* Del.Super., 238 A.2d 320 (1968).

■ The Sheriff's return shows service pursuant to § 321. The use of an abbreviated form of the defendant's name does not constitute an irregularity on the face of the return where the summons clearly indicates the full name of the defendant at several locations. Likewise the failure to state the precise time of day that service was affected is not an irregularity on the face of the return. Section 321 does not require that the return so state, it simply requires that the officer serving process shall distinctly state the manner of service in his return thereto.

■ The defendant also alleges that the return was not signed by the person who served process. This allegation does not constitute strong and convincing proof sufficient to overcome the presumption of the verity of the Sheriff's return, *Cohen v. Brandywine Raceway Association,* supra, *Cohen v. Krigstein,* Del.Super., 49 Del. 256, 114 A.2d 225 (1955), *Bros v. Wilkins,* Del.Super., 11 Terry 475, 134 A.2d 636 (1957), buttressed as it is by the Sheriff's affidavit to the effect that he did personally make service upon the defendant.

For the reasons above the motion to vacate the default judgment cannot be granted pursuant to Rule 60(b)(4).

## II. MISTAKE INADVERTENCE, SURPRISE, EXCUSABLE NEGLECT

The defendant also seeks relief pursuant to Rule 60(b)(1), which provides for relief where the judgment was ordered as a consequence of "mistake, inadvertence, surprise or excusable neglect." Specifically, the defendant maintains that Mr. Joseph's mistaken conviction that the defendant was not liable, coupled with his limited formal education, establishes mistake or excusable neglect. In response, the plaintiffs characterize the conduct as intentional or, at the very least, inexcusably negligent.

■ In exercising its discretion under Rule 60(b)(1), the Court, with deference to the policy favoring disposition of cases on their merits, generally favors such motions upon almost any reasonable excuse. *Vechery v. McCabe,* Del.Super., 9 Terry 195, 100 A.2d 460 (1953). However, the Court must examine the considerations of each case, *Model Finance Company v. Barton,* Del.Super., 5 Storey 530, 188 A.2d 233 (1963), in order to determine whether the conduct of the moving party was the conduct of a reasonably prudent person. *Cohen v. Brandywine Raceway Association,* supra. Only where the conduct can be so characterized, and the moving party also establishes 1) the possibility of a meritorious defense, and 2) no substantial prejudice to the non-moving party, will the Court grant the motion to vacate pursuant to Rule 60(b)(1). *Battaglia v. Wilmington Sav. Fund Soc.,* Del.Supr., 379 A.2d 1132 (1977).

■ This Court's analysis of the instant circumstances results in the conclusion that the conduct of Mr. Joseph and the defendant corporation was not that of a reasonably prudent person. Upon service of process, a reasonably prudent person would have, at least, consulted with an attorney to ascertain his legal rights and obligations. Such a course of action would have been particularly appropriate under the circumstances of this case since the defendant had attorneys on retainer.

The conduct not being reasonable or prudent, this Court cannot grant defendant's motion pursuant to Rule 60(b)(1).

## III. ANY OTHER REASON JUSTIFYING RELIEF

■ The defendant contends that in the event Mr. Joseph's conduct does not fall within the scope of Rule 60(b)(1), there are a number of other reasons justifying relief pursuant to Rule 60(b)(6). The defendant proceeds to enumerate the following reasons: 1) the defendant's conduct has not caused delay in discovery nor crossclaims; 2) the claim against the defendant is for substantial sums, including punitive damages; 3) the defendant is subject to cross-

claims of other defendants; 4) the defendant could avail himself of his liability coverage if the default judgment were vacated; 5) proof or service before entry of default was inadequate; and 6) defendant did not receive notice of the motion for default judgment. The plaintiffs, although responding to each reason specified, essentially maintains that these reasons do not constitute the "extraordinary circumstances" required to extend relief under Rule 60(b)(6).

> The Delaware Supreme Court has noted: Delaware law interpreting 60(b)(6) is limited but pertinent and demonstrates that (6) is an independent ground for relief, with a different standard to be applied than under its other subdivisions ... *Jewell v. Division of Social Services,* Del. Supr., 401 A.2d 88 (1979).

In so doing, the Court adopted the Federal Rule 60(b)(6) standard which requires a showing of extraordinary circumstances. *Jewell v. Division of Social Services,* Del. Supr., 401 A.2d 88 (1979). Extraordinary circumstances do not exist, under the federal standard, where the conduct of the moving party has been intentional or wilful. *Bridoux v. Eastern Airlines,* D.C.Cir., 214 F.2d 207 (1954). Thus, the United States District Court for Delaware has declared that:

> The provision cannot be used, however, to relieve a party from the duty to take legal steps to protect his interests. If a party makes a free and conscious choice regarding the conduct of the litigation, he cannot be granted relief under Rule 60(b)(6) from the consequences of that decision. *Bell Tel. Laboratories, Inc. v. Hughes Aircraft Co.,* 73 F.R.D. 16 (1976). See also, *In re Master Key Antitrust Litigation,* 76 F.R.D. 460 (1977).

This Court finds that, even resolving all doubts in favor of the defendant, Mr. Joseph's conduct cannot be characterized as other than deliberate, wilful or intentional. By his own admission he saw what the process was and "just ignored it." In an analogous case, the United States District Court (Eastern District, Pa.) commented:

> To permit a defendant to ignore service of the Court's process is a belief that the process is invalid and then ask relief when that belief turns out to be mistaken would be intolerable. A defendant who chooses to ignore a purported service of process does so at his own risk. *Paramount Packaging Corp. v. H.B. Fuller Co. of New Jersey,* E.D.Pa., 190 F.Supp. 178 (1960).

Given the intentional and conscious nature of his conduct, the defendant is precluded from relief under Rule 60(b)(6).

For the foregoing reasons, defendant's motion to vacate the October 30, 1981 default judgment against it must be denied.

IT IS SO ORDERED.