# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

DYAN FUREY,                              )
         Appellant,              )
    v.                                   )        C.A. No. N15A-06-005 ALR
                       )
DEPARTMENT OF INSURANCE,      )
                       )
         Appellee.               )

### *Upon Appellant's Appeal from the Delaware Insurance Commissioner's Final Decision and Order*
### REMANDED

Upon consideration of Appellant Dyan Furey's appeal from the Delaware Insurance Commissioner's Final Decision and Order, the Court makes the following findings:

1. In May 2013, Ms. Furey was diagnosed with and treated for bipolar disorder. On June 13, 2013, Ms. Furey submitted an application to Golden Rule Insurance Company ("Golden Rule") seeking individual coverage under a health insurance policy. The parties have stipulated that Ms. Furey's answers to four questions on her application to Golden Rule were false because she failed to disclose her previous treatment and diagnosis of bipolar disorder.

2. After Ms. Furey's health insurance policy was approved and became effective on July 1, 2013, Ms. Furey incurred medical expenses as a result of a

ruptured appendix and necessary appendectomy. Ms. Furey submitted these expenses to Golden Rule, which denied the claims and notified Ms. Furey that it intended to rescind the policy because of Ms. Furey's failure to disclose her disorder in her application.

3. On October 18, 2013, Golden Rule formally requested the Appellee Delaware Department of Insurance ("Department") approve its request to rescind Ms. Furey's policy. On November 16, 2013, the Department upheld Golden Rule's rescission.

4. Ms. Furey challenged the Department's decision and the dispute was briefed before a Department Hearing Officer. At the request of both Ms. Furey and the Department, the Hearing Officer dispensed with a hearing and proceeded on the written submissions of the parties. On April 9, 2015, the Hearing Officer issued Recommended Findings, recommending the Delaware Insurance Commissioner ("Commissioner") uphold the rescission.

5. On April 27, 2015, Ms. Furey filed Objections to the Hearing Officer's Recommended Findings. The Commissioner overruled Ms. Furey's objections by Final Decision and Order dated May 14, 2015.

6. Ms. Furey commenced a timely appeal of the Commissioner's decision to this Court on June 10, 2015. Ms. Furey argues that public policy and Delaware statutory law dictate that nondisclosure of bipolar disorder cannot be a basis for

rescission because the law affirmatively requires Golden Rule to cover bipolar disorder.[1] The Department differentiates between Golden Rule's ability to provide coverage and underwrite insurance policies, such that Gold Rule was permitted to underwrite Ms. Furey's policy based on her alleged material omissions regarding her pre-existing condition.

7. This Court held oral argument regarding Ms. Furey's appeal on December 7, 2015. Subsequently, on January 4, 2016, Ms. Furey filed a motion to amend her appeal to add Golden Rule as an appellee and indispensible party, citing the Delaware Supreme Court's recent decision in *Genesis Healthcare v. Delaware Health Res. Bd.*[2] Golden Rule opposed Ms. Furey's motion to amend; however, Golden Rule conceded it was an indispensible party.[3]

8. This Court held oral argument on January 26, 2015. Counsel for Ms. Furey, the Department, and Golden Rule were present. Ms. Furey argued in favor of remand. Golden Rule again conceded that it was an indispensible party. Nevertheless, Golden Rule argued that it cannot be added as a party under Rule 15[4] and, therefore, Ms. Furey's appeal should be dismissed because of the procedural

---

[1] *See e.g.*, 18 *Del. C.* § 1711; 18 *Del. C.* § 3343 et. seq.
[2] *See* 2015 WL 8486195, at *1 (Del. Dec. 8, 2015)(dismissing an appeal for failure to join an indispensible party below).
[3] Golden Rule's Response to Dyan Furey's Motion to Amend Notice of Appeal, Jan. 20, 2016, para. 5.
[4] *See* Del. Super. Ct. Civ. R. 15.

error to include Golden Rule in the proceedings below. The Department did not take a position.

8. The parties concede that Golden Rule is an indispensible party under Rule 19.[5] The Delaware Supreme Court has held that that "all parties to the litigation who would be directly affected by a ruling on the merits of an appeal, should be made party to the appellate proceedings."[6] Golden Rule's ability to protect its interest could have been impaired or impeded below and could be affected on appeal. Golden Rule has a vested interest in the outcome of this litigation, specifically in whether this Court determines that Golden Rule's rescission was in accordance with Delaware law and public policy.

9. "Appeals shall be heard and determined by the Superior Court from the record of proceedings below, *except as may be otherwise expressly provided by statute*."[7] Delaware statutory law gives this Court discretion to remand the matter to the Commissioner. Specifically, 18 *Del. C.* § 328(h) provides that this "Court may remand the case to the Commissioner for further proceedings in accordance with the Court's directions or, in advance of judgment and upon a sufficient showing, the Court may remand the case to the Commissioner for the purpose of taking additional testimony or other proceedings."

---

[5] *See* Del. Super. Ct. Civ. R. 19.
[6] *Genesis Healthcare*, 2015 WL 8486195, at *2.
[7] Del. Super. Ct. Civ. R. 72(g)(emphasis added).

4

10. This Court concludes that remand is required for consideration of the administrative board of the position of all indispensable parties. Remand under these circumstances is contemplated by the governing statute.[8] The Court does not, therefore, reach the question of whether Golden Rule may be added as a party to the appeal under the Superior Court Rules of Civil Procedure.

11. There is a strong public policy consideration dictating that matters should be adjudicated on their merits.[9]

12. Accordingly, dismissing this appeal is not only wrong as a matter of law which provides for remand under these circumstances, but also inconsistent with the preference for adjudication on the merits.

13. This Court remands this matter consistent with public policy to expand the record below to include Golden Rule as an indispensible, necessary party for the proper adjudication of this matter.

---

[8] *See* 18 *Del. C.* § 328(h).

[9] *See Hackett v. Bd. of Adjustment of City of Rehoboth Beach*, 794 A.2d 596, 598 (Del. 2002)("This Court has emphasized that courts functioning in an appellate capacity should permit appeals to be decided on the merits, notwithstanding non-compliance with the technical niceties of the appeal procedure."); *see also Dishmon v. Fucci*, 32 A.3d 338, 346 (Del. 2011)(noting the public policy for litigation on the merits); *Kohler v. Hughes*, 2000 WL 1211140, at *2 (Del. Super. Feb. 2, 2000)(same); *Keith v. Melvin L. Joseph Const. Co.*, 451 A.2d 842, 846 (Del. Super. 1982)(same).

**NOW, THEREFORE**, this 28th day of January, 2016, this matter is remanded for consideration of rescission of Ms. Furey's health insurance policy, with direction to add Golden Rule Insurance Company as a party to the administrative proceedings. Appellant's Motion to Amend is rendered **MOOT** by this remand. Jurisdiction is retained by this judicial officer for any future appeals to the Superior Court regarding these administrative proceedings.

**IT IS SO ORDERED.**

*Andrea L. Rocanelli*

_____

**The Honorable Andrea L. Rocanelli**