**IN THE COURT OF COMMON PLEAS FOR THE STATE OF DELAWARE IN AND FOR NEW CASTLE COUNTY**

BOULDEN BROTHER'S CORP.  )
AND GABE MCCLUSKEY,  )
                               )
    Appellants/Defendants Below,  )
                               )
        v.  )       Case No. CPU4-21-000684
                               )
ALLEN SNIPE AND MARIA SNIPE,  )
                               )
    Appellees/Plaintiffs Below.  )

Submitted: July 23, 2021
Decided: September 23, 2021

Victoria K. Petrone, Esq.
Baird Mandalas Brockstedt LLC
2711 Centreville Road, Ste. 401
Wilmington, DE 19808
*Attorney for Appellants*

Allen and Maria Snipe
502 Sepia Court
Newark, DE 19702
*Pro Se Appellees*

## <u>ORDER AND DECISION ON MOTION FOR JUDGMENT</u>

On March 4, 2021, Appellants/Defendants-Below Boulden Brother's Corp. and Gabe McCluskey (collectively "Boulden") filed an appeal in this Court seeking a trial *de novo* from an order of the Justice of the Peace Court. Boulden subsequently filed a Motion for Judgment ("Motion") alleging that Appellees/Plaintiffs-Below Allen and Maria Snipe (collectively "Snipes") failed to comply with the Court's Rules of Civil Procedure. On July 23, 2021, the Court held a hearing. For the reasons set forth below, the Court **DENIES** Boulden's Motion.

1

<u>Discussion</u>

It is well settled law that "the timely filing of a notice of appeal is the operative action to confer jurisdiction on an appellate court."[1] Once jurisdiction has been established, the parties must also comply with the Rules of this Court. Pursuant to Ct. Com. Pl. Civ. R. 72.3(b), once an appellant who is the defendant-below has filed and served an appeal, the appellee/plaintiff-below must file the complaint on appeal within 20 days after being served the appeal documents. If an appellee fails to do so, then Ct. Com. Pl. Civ. R. 55(bb2) dictates that judgment *shall* be entered against appellee for failure to plead.[2]

The Court must first determine whether Boulden properly served the appeal in this case. In general, Delaware courts have adopted the premise that when a sheriff's return of service is complete and regular on its face, it is to be construed as conclusively valid.[3] Based on its face, the Sheriff's returns of service in this matter appear to be complete and regular. Specifically, the returns set forth that a member of the Sheriff's Office personally served Mr. Snipes at 8:22 AM on March 29, 2021, at which time Mr. Snipes also accepted service for Mrs. Snipes. Furthermore, the

---

[1] *Wise v. G-Town Partners, LP*, 2015 WL 246415, at *2 (Del. Com. Pl. Jan 21, 2015) (citing *Preston v. Bd. Of Adjustment of New Castle County*, 772 A.2d 787, 791 (Del. 2001)).

[2] *Nti v. Hall*, 2007 WL 3231601, at *1 (Del. Com. Pl. Aug. 24, 2007); *Village of Windhover*, 2015 WL 898734, at *2 (Del. Com. Pl. Feb. 26, 2015) (emphasis added).

[3] *Keith v. Melvin L. Joseph Const. Co.*, 451 A.2d 842, 846 (Del. Super. July 28, 1982) (citations omitted).

3

conclusion.[5] In those cases where the Court has determined that it has the discretion to make allowances for the untimely filing, it has, at times, done so utilizing the same "excusable neglect" analysis undertaken by the Court when considering a motion made under Rule 60(b)[6], or at other times implicitly using, but without specific reference to, such an analysis.[7]

Consistent with Delaware's well-established judicial policy that cases be decided on the merits,[8] this Court finds that the rationale espoused in the latter category of decisions is the more suitable approach. As such, the Court will employ the Rule 60(b) "excusable neglect" analysis in determining whether judgment for failure to plead is appropriate. Under this rubric, the initial inquiry is whether the defaulting party can establish that its conduct was excusable. If established, the Court will consider whether the defaulting party could be successful on the merits and whether the non-defaulting party has been substantially prejudiced[9]

It is undisputed that the Snipes failed to timely file the Complaint on Appeal. Therefore, the issue is whether, under the circumstances, their negligence was

---

[5] *William Jones & Sons, Inc v. Engelskirch*, 2001 WL 34075505 (Del. Com. Pl. Oct. 5, 2001); *Hall v. Sussex Pines Country Club, Inc.*, 2013 WL 1094984 (De. Com. Pl. Mar. 7, 2013); *Village of Windhover*, 2015 WL 898734; *Wise*, 2015 WL 246415.

[6] *Sussex Pines Country Club, Inc.*, 2013 WL 1094984; *Village of Windhover*, 2015 WL 898734.

[7] *Engelskirch*, 2001 WL 34075505; *Wise*, 2015 WL 246415.

[8] *Verizon Delaware, Inc. v. Baldwin Line Const. Co., Inc.*, 2004 WL 838610, at *1 (Del. Super. Apr. 13, 2004).

[9] *Watson v. Simmons*, 2009 WL 1231145, at *2-3 (Del. Super. Apr. 30, 2009); *Verizon D*, 2004 WL 838610, at *1.

The second factor—whether the defaulting party could be successful on the merits—also weighs in favor of the Snipes. The Snipes prevailed on the same claims in the Justice of the Peace Court, and Boulden has not presented any argument or evidence to suggest that the same outcome would be unattainable in this Court.

Finally, it is clear from the record that the Snipes' 38-day delay in filing the Complaint on Appeal will not substantially prejudice Boulden if the case moves forward on its merits. In fact, Boulden, during the hearing, noted that the Snipes would still be able to pursue the same litigation, as the statute of limitations had not yet run.

For the above noted reasons, the Court finds that the Snipes' 38-day delay in their filing of the Complaint on Appeal constitutes excusable neglect and Boulden's Motion for Judgment for failure to plead is **DENIED**. This case will be scheduled for a pre-trial conference.

**IT IS SO ORDERED.**

Monica A. Horton
Judge

cc: Ms. Patricia Thomas, Civil Clerk

7