**IN THE COURT OF COMMON PLEAS FOR THE STATE OF DELAWARE IN AND FOR NEW CASTLE COUNTY**

| | | |
|---|---|---|
| BOULDEN BROTHER'S CORP. AND GABE MCCLUSKEY, | ) ) ) | |
| Appellants/Defendants Below, | ) ) | |
| v. | ) ) | Case No. CPU4-21-000684 |
| ALLEN SNIPE AND MARIA SNIPE, | ) ) | |
| Appellees/Plaintiffs Below. | ) ) | |

Submitted: July 23, 2021
Decided: September 23, 2021

Victoria K. Petrone, Esq.
Baird Mandalas Brockstedt LLC
2711 Centreville Road, Ste. 401
Wilmington, DE 19808
*Attorney for Appellants*

Allen and Maria Snipe
502 Sepia Court
Newark, DE 19702
*Pro Se Appellees*

## ORDER AND DECISION ON MOTION FOR JUDGMENT

On March 4, 2021, Appellants/Defendants-Below Boulden Brother's Corp. and Gabe McCluskey (collectively "Boulden") filed an appeal in this Court seeking a trial *de novo* from an order of the Justice of the Peace Court. Boulden subsequently filed a Motion for Judgment ("Motion") alleging that Appellees/Plaintiffs-Below Allen and Maria Snipe (collectively "Snipes") failed to comply with the Court's Rules of Civil Procedure. On July 23, 2021, the Court held a hearing. For the reasons set forth below, the Court **DENIES** Boulden's Motion.

1

## Background

According to the record, the Snipes filed a trespass action against Boulden in the Justice of the Peace Court, alleging that Boulden, through its employees, damaged the Snipes' furnace during a routine inspection. After a hearing, the Justice of the Peace Court entered judgment for the Snipes. Thereafter, Boulden timely filed a Notice of Appeal with this Court. The record reflects the Snipes were served with the Summons on Appeal by the Sheriff of New Castle County on March 29, 2021. On May 21, 2021, Boulden filed the Motion alleging that the Snipes failed to file a complaint within 20 days of service as required under Ct. Com. Pl. Civ. R. 72.3(b). On May 27, 2021, some 6 days later, the Snipes filed their complaint in this Court (the "Complaint on Appeal").

During the hearing, the Snipes argued that their first notice of this appeal was in May of 2021 when they received a copy of the Motion. Based on this circumstance, they believed that the filing of the Complaint on Appeal on May 27, 2021, was timely. Although initially denying that he was served by the Sheriff with a copy of the appeal, Mr. Snipes eventually admitted that he did, indeed, receive "something" from the Sheriff, though he was unsure of the exact date of service.

<u>Discussion</u>

It is well settled law that "the timely filing of a notice of appeal is the operative action to confer jurisdiction on an appellate court."[1] Once jurisdiction has been established, the parties must also comply with the Rules of this Court. Pursuant to Ct. Com. Pl. Civ. R. 72.3(b), once an appellant who is the defendant-below has filed and served an appeal, the appellee/plaintiff-below must file the complaint on appeal within 20 days after being served the appeal documents. If an appellee fails to do so, then Ct. Com. Pl. Civ. R. 55(bb2) dictates that judgment *shall* be entered against appellee for failure to plead.[2]

The Court must first determine whether Boulden properly served the appeal in this case. In general, Delaware courts have adopted the premise that when a sheriff's return of service is complete and regular on its face, it is to be construed as conclusively valid.[3] Based on its face, the Sheriff's returns of service in this matter appear to be complete and regular. Specifically, the returns set forth that a member of the Sheriff's Office personally served Mr. Snipes at 8:22 AM on March 29, 2021, at which time Mr. Snipes also accepted service for Mrs. Snipes. Furthermore, the

---

[1] *Wise v. G-Town Partners, LP*, 2015 WL 246415, at *2 (Del. Com. Pl. Jan 21, 2015) (citing *Preston v. Bd. Of Adjustment of New Castle County*, 772 A.2d 787, 791 (Del. 2001)).

[2] *Nti v. Hall*, 2007 WL 3231601, at *1 (Del. Com. Pl. Aug. 24, 2007); *Village of Windhover*, 2015 WL 898734, at *2 (Del. Com. Pl. Feb. 26, 2015) (emphasis added).

[3] *Keith v. Melvin L. Joseph Const. Co.*, 451 A.2d 842, 846 (Del. Super. July 28, 1982) (citations omitted).

3

Snipes did not provide any evidence at the hearing, other than the vague statement referenced above, that would challenge the veracity of the return. The Court notes that the returns of service were attached as an exhibit to Boulden's Motion. Ordinarily, the return of service is electronically filed with the Court and, thus, reflected on the docket; however, it appears that that did not occur in this case. While such a situation is somewhat unusual, the Court notes that pursuant to Ct. Com. Pl. Civ. R. 4(g), failure to make a return or proof of service does not affect the validity of service. Accordingly, the Court finds that the Snipes were properly served with notice of the appeal on March 29, 2021.

As noted above, the Snipes filed the Complaint on Appeal on May 27, 2021—after the original appeal was filed and six days after the Motion for Judgment was filed. The question thus becomes: when an appellee having the duty to file a complaint on appeal does so untimely, is the Court required to enter judgment for the appellant based on this technical deficiency?

There is a split in the decisions of the Court when considering this precise issue. In certain cases, the Court has determined that the word "shall" in Rule 55(bb) indicates a mandatory requirement, as opposed to demonstrating a directory or permissive character.[4] In other cases, the Court has come to the opposite

---

[4]   *Nti*, 2007 WL 3231601, at *1; *accord Hudson v. Jackson*, 2010 WL 3103671 (Del. Com. Pl. July 12, 2010), *Cahall v. Layton*, 2010 WL 11508399 (Del. Com. Pl. May 19, 2010), *Greenfield v. Prykupenko*, 2008 WL 2855029 (Del. Com. Pl. Apr. 30, 2008).

4

conclusion.[5] In those cases where the Court has determined that it has the discretion to make allowances for the untimely filing, it has, at times, done so utilizing the same "excusable neglect" analysis undertaken by the Court when considering a motion made under Rule 60(b)[6], or at other times implicitly using, but without specific reference to, such an analysis.[7]

Consistent with Delaware's well-established judicial policy that cases be decided on the merits,[8] this Court finds that the rationale espoused in the latter category of decisions is the more suitable approach. As such, the Court will employ the Rule 60(b) "excusable neglect" analysis in determining whether judgment for failure to plead is appropriate. Under this rubric, the initial inquiry is whether the defaulting party can establish that its conduct was excusable. If established, the Court will consider whether the defaulting party could be successful on the merits and whether the non-defaulting party has been substantially prejudiced[9]

It is undisputed that the Snipes failed to timely file the Complaint on Appeal. Therefore, the issue is whether, under the circumstances, their negligence was

---

[5] *William Jones & Sons, Inc v. Engelskirch*, 2001 WL 34075505 (Del. Com. Pl. Oct. 5, 2001); *Hall v. Sussex Pines Country Club, Inc.*, 2013 WL 1094984 (De. Com. Pl. Mar. 7, 2013); *Village of Windhover*, 2015 WL 898734; *Wise*, 2015 WL 246415.

[6] *Sussex Pines Country Club, Inc.*, 2013 WL 1094984; *Village of Windhover*, 2015 WL 898734.

[7] *Engelskirch*, 2001 WL 34075505; *Wise*, 2015 WL 246415.

[8] *Verizon Delaware, Inc. v. Baldwin Line Const. Co., Inc.*, 2004 WL 838610, at *1 (Del. Super. Apr. 13, 2004).

[9] *Watson v. Simmons*, 2009 WL 1231145, at *2-3 (Del. Super. Apr. 30, 2009); *Verizon D*, 2004 WL 838610, at *1.

excusable. If a party can demonstrate neglect that may have been the act of a reasonably prudent person under the circumstances, then it will be found to be excusable.[10] "A mere showing of negligence or carelessness without a valid reason may be deemed insufficient."[11]

The Court finds that there was excusable neglect in this case. Notwithstanding the Court's previous determination regarding the return of service in this case, the Court acknowledges that the Snipes alleged some confusion regarding the date when they were served with notice of this appeal. However, the Snipes were quick to act upon learning of the Motion by filing the Complaint on Appeal six days after receiving notice thereof.[12] Further, the docket reflects that this is not a case where the defaulting party simply ignored the judicial process;[13] rather, the Snipes diligently pursued this litigation in the Justice of the Peace Court.[14] Considering those factors, the Court finds that the Snipes neglect was that of a reasonably prudent person and, as such, constitutes excusable neglect.

---

[10] *Sussex Pines Country Club, Inc.*, 2013 WL 1094984, at *2.

[11] *Watson*, 2009 WL 1231145, at *2 (quoting *Cohen v. Brandywine Raceway Ass'n*, 238 A.2d 320, 325 (Del. Super. 1968)).

[12] *Schremp v. Marvel*, 405 A. 3d 119 (Del. 1979)(noting that the movant has an obligation to act without unreasonable delay in bringing a motion to vacate default judgment); *Green Tree Servicing LLC*, 2013 WL 5314996 (finding excusable neglect where the defaulting party filed a motion to vacate approximately 53 days after notice of the entry of default judgment); *McMartin*, 2004 WL 249576, *3 (finading no unreasonable delay where movant filed a motion for default judgment in less than 30 days from time she received notice of the judgment).

[13] *See, e.g., McMartin v. Quinn*, 2004 WL 249576 (Del. Super. Feb. 3, 2004); *Green Tree Servicing LLC v. Hawkins*, 2013 Wl 5314996 (Del. Super. Sept. 6, 2013).

[14] The Justice of the Peace Court docket indicates that the Snipes appeared at all scheduled proceedings and were not otherwise dilatory in the pursuit of their claims against Boulden.

6

The second factor—whether the defaulting party could be successful on the merits—also weighs in favor of the Snipes. The Snipes prevailed on the same claims in the Justice of the Peace Court, and Boulden has not presented any argument or evidence to suggest that the same outcome would be unattainable in this Court.

Finally, it is clear from the record that the Snipes' 38-day delay in filing the Complaint on Appeal will not substantially prejudice Boulden if the case moves forward on its merits. In fact, Boulden, during the hearing, noted that the Snipes would still be able to pursue the same litigation, as the statute of limitations had not yet run.

For the above noted reasons, the Court finds that the Snipes' 38-day delay in their filing of the Complaint on Appeal constitutes excusable neglect and Boulden's Motion for Judgment for failure to plead is **DENIED**. This case will be scheduled for a pre-trial conference.

**IT IS SO ORDERED.**

Monica A. Horton
Judge

cc:     Ms. Patricia Thomas, Civil Clerk

7