# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

|  |  |  |
|---|---|---|
| SGH CAPITAL SA, a Luxembourg public limited company, ROSEWOOD CAPITAL, a Luxembourg private limited company, and SGH CAPITAL ALPHA – SLP, a Luxembourg private limited company, | ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. N24C-12-308-FWW |
| ESOS VENTURES, LLC, a Delaware limited liability company, PENSAR LEARNING INC., a Delaware corporation, and CHARLES SEELY, an individual, | ) ) ) ) ) ) | |
| Defendants. | ) | |

Submitted: August 15, 2025
Decided: November 12, 2025

*Upon Defendants' ESOS Ventures, LLC, Pensar Learning Inc., and Charles Seely Motion to Dismiss the Complaint and Vacate Order*
**GRANTED.**

# ORDER

Sean J. Bellew, Esquire, BELLEW LLC, 2961 Centerville Road, Suite 302, Wilmington, DE 19808, Attorney for Plaintiffs SGH CAPITAL SA, a Luxembourg public limited company, ROSEWOOD CAPITAL, a Luxembourg private limited company, and SGH CAPITAL ALPHA – SLP, a Luxembourg private limited company.

Dean R. Roland, Esquire, COOCH AND TAYLOR, P.A., 1000 West Street, Suite 1500, Wilmington, DE 19801, Attorney for Defendants ESOS VENTURES, LLC, a Delaware limited liability company, PENSAR LEARNING INC., a Delaware corporation, and CHARLES SEELY, an individual.

**WHARTON, J.**

This 12th day of November 2025 upon consideration of Defendants ESOS Ventures, LLC ("ESOS"),  Pensar Learning Inc. ("Pensar"), and Charles Seely ("Seely") (collectively "Defendants") Motion to Dismiss the Complaint and Vacate Order,[1] the Response in Opposition of Plaintiffs SGH Capital SA ("SGH"), Rosewood Capital ("Rosewood"), and SGH Capital Alpha-SLP (collectively "Plaintiffs"),[2] Defendants Reply in Support of their motion,[3] and the record in this case, it appears to the Court that:

1.      Plaintiffs filed their Complaint on December 23, 2024.[4]  Under Superior Court Civil Rule 4(j),[5] service was due within 120 days.  Service had to be completed by April 21, 2025.  Plaintiffs did not affect service within that period.

2.      On May 7, 2025, the Court sent a stall letter to Plaintiffs' counsel.[6]  In reviewing the action, the Court advised Plaintiffs it could not proceed for one of three reasons: 1) service of process or an answer was lacking, 2) a default judgment needed to be entered or 3) an arbitration hearing

---

[1] Defs.' Mot. to Dismiss, D.I. 14.
[2] Pls.' Resp., D.I. 19.
[3]  Defs.' Reply, D.I. 23.
[4] Compl., D.I. 1.
[5] Del. Super.  Ct. Civ. R. 4(j)
[6] Stall Letter, D.I. 3.

had not been completed.[7]  The Court requested a response on the status of the case from Plaintiffs' counsel within 15 days.[8]

3.      On May 29, 2025, Plaintiffs filed a Motion to Extend the Time for Service on Defendants.[9]  Their explanation for the lack of service to date was as follows:

> 2. Immediately after filing the Complaint, Plaintiffs attempted to contact Defendants and to negotiate a resolution of this matter with Defendants.
>
> 3. Despite their efforts, the parties were unable to reach a resolution of this breach of contract matter, and the matter remains unresolved as of this filing.[10]

4.      The Court granted the Motion to Extend on May 30, 2025, and allotted until August 25, 2025 for service to be made.[11]

5.      Writs were issued on June 23, 2025,[12] and Plaintiffs thereafter served ESOS and Pensar via their Delaware registered agent.[13]  Plaintiffs also attempted to serve Defendant Seely at the registered-agent address,[14]

---

[7] *Id.*
[8] *Id.*
[9] *See* Pls.' Mot. to Extend, D.I. 5.
[10] *Id.* at 2.
[11] Order Extending Time for Service on Defendants, D.I. 6.
[12] Writ(s) Issued, D.I. 9.
[13] Sheriffs Returns, D.I. 10; D.I. 11.
[14] Sheriffs Return, D.I. 12.

notwithstanding that their Motion to Extend referenced Hague Convention service due to the fact Seely resides in the United Kingdom.[15]

6.      Defendants filed a Motion to Dismiss the Complaint for untimely and insufficient service and to Vacate the May 30, 2025 Order on July 4, 2025.[16]

7.      Rule 4(j)[17] mandates dismissal if service is not made within 120 days absent a showing of "good cause," which Delaware courts equate with excusable neglect.[18] Excusable neglect is determined based on an analysis of good faith coupled with a reasonable basis for noncompliance.[19]  It can be described as neglect that could have been the efforts of a reasonably prudent person under the circumstances.[20]  All possible efforts to comply with the rule would be seen as excusable neglect, but "delays resulting from half-hearted efforts by counsel to perfect service do not."[21]

---

[15] *See* Pls.' Mot. to Extend at 2, D.I. 5.
[16] Defs.' Mot to Dismiss., D.I. 14.
[17] Del. Super.  Ct. Civ. R. 4(j)
[18] *Ballard v. Takeda Pharm. Am., Inc.*, 2017 WL 3396488, at *3 (Del. Super. Ct. Aug. 7, 2017) (quoting *Dominic v. Hess Oil VI. Corp.*, 841 F.2d 513, 517 (3d Cir. 1988)).
[19] *Ballard*, 2017 WL 3396488, at *3.
[20] *Cohen v. Brandywine Raceway Ass'n*, 238 A.2d 320, 325 (Del. Super. 1968).
[21] *Ballard,* 2017 WL 3396488, at *4 (quoting *Anticaglia v. Benge*, 2000 WL 145822, at *2 (Del. Super.  Ct. Jan. 20, 2000)).

8. The record reflects inaction by Plaintiffs through the 120-day period and into late May 2025. This period of inaction was followed by Plaintiffs' Motion to Extend which came well after the April 21, 2025 deadline for service had expired.[22] This Court has rejected similar post-deadline efforts where plaintiffs offered no concrete, diligent attempts at timely service. In *Doe v. Catholic Diocese of Wilmington, Inc.*,[23] the Court held there was no excusable neglect where no meaningful service efforts occurred within the period. Likewise, in *Agyeman v. Epic-Africa Foundation*,[24] untimely service occasioned by a lack of definitive action did not amount to excusable neglect.

9. By contrast, in *Dolan v. Williams*,[25] the Court found excusable neglect where counsel acted prudently and diligently in attempting service. Similarly, in *Viars v. Surbaugh*,[26] excusable neglect was found where service difficulty resulted from the defendant's failure to provide a forwarding address.

---

[22] *See* Pls.' Mot. to Extend, D.I. 5.
[23] 2010 WL 2106181, at *1 (Del. Super. May 26, 2010)
[24] 2024 WL 2375109, at *4 (Del. Super. May 22, 2024), aff'd, 338 A.3d 1270 (Del. 2025).
[25] 707 A.2d 34, 37 (Del. 1998)
[26] 335 A.2d 285, 288 (Del. Super. 1975).

6

10.    On this record, Plaintiffs' showing aligns with the former line of cases, not the latter.  Plaintiffs' reliance on informal settlement outreach and the fact that Seely allegedly learned of the suit within the 120-day period does not cure noncompliance; knowledge is not service.  Accordingly, Plaintiffs have not demonstrated excusable neglect or good cause under Rule 4(j).  Dismissal under Rule 4(j) is therefore required.

11.    Plaintiffs purported to serve Seely by delivering process to ESOS and Pensar's Delaware registered agent, despite Seely's residence in the United Kingdom and notwithstanding Plaintiffs' prior reference to Hague Convention service.[27]  The record contains no pleading or order authorizing that mode of service on Seely, nor any showing that service on a corporate registered agent effects service on an individual nonresident under the Rules or applicable law.  Plaintiffs' effort thus did not effectuate service on Seely, and service remains ineffective.

12.    Next, Defendants seek relief from the May 30, 2025 Order enlarging time, invoking surprise and misrepresentation.[28]  Defendants assert they received no notice of the motion to extend and thus were surprised when

---

[27] *See* Pls.' Mot. to Extend, D.I. 5.
[28] Defs.' Mot. to Dismiss at 5, D.I. 14.

service occurred months after filing.[29] They further contend Plaintiffs' statements about settlement efforts were inaccurate.[30] The record reflects that the Motion to Extend was filed after the Rule 4(j) deadline, the Order was granted the next day, and Defendants were not heard prior to entry.[31] Delaware courts have vacated similar *ex parte* extensions where the movant failed to demonstrate excusable neglect, and the docket showed dormancy.[32] Therefore, the Court concludes that the May 30, 2025 Order should be vacated under Rule 60(b).

13. Defendant Seely argues that any suggestion he ignored service should be disregarded and that Plaintiffs never contacted him or sought to negotiate a resolution.[33] *Keith v. Melvin L. Joseph Const. Co.*[34] recognizes that defendants who ignore proper service do so at their peril. Here, however, service was not made within Rule 4(j) and service on Seely was ineffective, so the *Keith*[35] court's admonition does not alter the outcome. Plaintiffs point

---

[29] Defs.' Mot. to Dismiss, at 5-6, D.I. 14.
[30] Defs.' Mot. to Dismiss, Ex. C, D.I. 14.
[31] Since Defendants had not been served, service of the Motion to Extend via File & Serve Express was ineffective.
[32] *See Sidberry v. GEICO Advantage Ins. Co.*, 2019 WL 6318176, at *6 (Del. Super. Nov. 20, 2019).
[33] Defs.' Mot. to Dismiss, Ex. C, D.I. 14.
[34] 451 A.2d 842, 847 (Del. Super. 1982).
[35] *Id.*

out that Rule 4(j) dismissals are without prejudice and that Delaware's savings statute may apply; but that issue is collateral to the merits of this motion and does not prevent dismissal under Rule 4(j).[36]

14.　For the foregoing reasons, the Court **GRANTS** Defendants' Motion to Dismiss under Rules 12(b)(5) and 4(j) for failure to timely perfect service; **VACATES** the May 30, 2025 Order enlarging time to serve Defendants pursuant to Rule 60(b). The dismissal is **WITHOUT PREJUDICE** as provided by Rule 4(j).

**IT IS SO ORDERED**.

*/s/ Ferris W. Wharton*
Ferris W. Wharton, J.

---

[36] Pls.' Resp. at 5, D.I. 19.