# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| DARLENE WATSON and GLENN FINLEY, | ) ) ) | |
| Plaintiffs Below-Appellants, | ) ) | |
| v. | ) ) | C.A. No. N20A-03-003 VLM |
| AL HORN and JOANNE HORN, | ) ) ) | |
| Defendants Below-Appellees. | ) | |

## ORDER

Submitted: June 23, 2021
Decided: July 20, 2021

*Upon Consideration of Appellants' Appeal of the Decision of the Court of Common Pleas,*

## AFFIRMED.

Darlene Watson, Wilmington, Delaware. *Pro Se.*

Glenn Finely, Wilmington, Delaware. *Pro Se.*

Al Horn, Newark, Delaware. *Pro Se.*

Joanne Horn, Newark, Delaware. *Pro Se.*

**MEDINILLA, J.**

## I. INTRODUCTION

Tenant Appellants, Darlene Watson and Glenn Finley (collectively "Tenants") appeal a decision from the Court of Common Pleas ("CCP") that found they had failed to establish excusable neglect to vacate a judgment entered against them on October 29, 2019, in favor of landlord Appellees, Al and Joanne Horn (collectively "Landlords"). Upon consideration of the arguments, submissions of the parties, and the record in this case, the Court hereby finds as follows:

1. Beginning in 2015 Landlords began renting an apartment to Darlene Watson.[1] In 2017, Watson's brother, Glenn Finley, moved into the apartment with her and was added to the lease.[2] At some point, Landlords provided Tenants with the requisite 60-day notice to vacate the premises.[3] Finley timely vacated; Watson did not.[4]

2. Landlords filed a suit in the Justice of the Peace ("JP") Court seeking summary possession of the property.[5] Tenants filed a counterclaim, which was merged with Landlords' claim for summary possession, seeking $5,000 in damages for what they described as theft of electricity, among other grievances, including

---

[1] Transcript of January 31, 2020, Proceedings in CCP before Judge Danberg, 9:13-17 [hereinafter Transcript].
[2] *Id.*
[3] *Id.* at 10:4-7.
[4] *Id.* at 10:7-19.
[5] *Id.* at 10:12-19.

failure to make repairs, L&I violations, failing to have a common area meter and for stealing Watson's keys to the apartment before she moved out.[6] On April 18, 2019, the JP Court found in favor of Landlords and granted summary possession and awarded damages relating to a security deposit in the amount of $1,868.94 plus costs and interest.[7]

3.      Tenants did not appeal the security deposit nor summary possession ruling but appealed the JP Court's decision denying their counterclaim for damages to CCP.[8] On September 30, 2019, a pre-trial conference was held at CCP which Tenants attended and trial was set for October 29, 2019, at 8:30 a.m.[9] CCP sent notices of the trial by mail to Tenants which were acknowledged received.[10]

4.      On October 29, 2019, Tenants failed to appear at 8:30 a.m. for the scheduled trial.[11] At 10:00 a.m. CCP entered judgment in favor of Landlords and dismissed the case with prejudice.[12] Tenants arrived at CCP at approximately 1:00 p.m. and learned the case had been dismissed.[13] Watson claimed that she had incorrectly written down the time for 1:30 p.m.[14] On the same day, while in the

---

[6] Transcript, at 14:6-12; 18:23-19:1; Appellee's Answering Brief, D.I. 16, Exhibit 9.
[7] *Id.* at 11:5-20.
[8] *Id.* at 18:19-19:7.
[9] *Id.* at 8:12-20.
[10] *Id.* at 6:12-8:2.
[11] *Id.* at 6:3-8.
[12] *Id.* at 19:17-19.
[13] *Id.* at 6:6-8.
[14] *Id.* at 8:23-9:1.

3

courthouse, Tenants talked to a CCP clerk who instructed them to file a Motion to Vacate if they wished to be heard.[15] On December 16, 2019, forty-five days after judgment had been entered, Tenants filed their Motion to Vacate.[16]

5. On January 31, 2020, CCP held a hearing on Tenants' Motion to Vacate. In a bench ruling, the court denied Tenants' Motion.[17] In so ruling, the court found that although Tenant Watson's mistake of writing the wrong time was excusable neglect (despite the fact that two written notices had been sent by the court),[18] their failure to take any action for forty-five days was not, especially where Tenants were present in the courthouse on October 29, 2019, and were directed to file a motion.[19] The court found Watson's excuse unacceptable that her schedule was too busy to timely file because she owned a private catering business.[20]

6. On March 5, 2020, Tenants filed a timely notice of appeal to this Court. On May 17, 2021, Tenants filed their Opening Brief. On June 10, 2021, Landlords filed their Answering Brief. On June 21, 2021, Tenants filed their Reply Brief, and this Court was assigned the matter on June 23, 2021. This matter is ripe for decision.

---

[15] Transcript, at 23:21-24:1.
[16] *Id.* at 21:12-19.
[17] *Id.* at 24:6.
[18] *Id.* at 29:7-13.
[19] *Id.* at 29:13-17.
[20] *Id.* at 22:14-23:11.

4

## II. STANDARD OF REVIEW

7.     Under Delaware law, the "standard of review by the Superior Court for an appeal from the Court of Common Pleas is that same standard applied by the Supreme Court to appeals from the Superior Court."[21] "The Court reviews a denial of a motion to vacate a [final] judgment under Rule 60(b)(1) for abuse of discretion."[22] "An abuse of discretion occurs when a court has exceeded the bounds of reason in view of the circumstances or so ignored recognized rules of law or practice to produce injustice."[23] In reviewing an act of judicial discretion, this "[C]ourt may not substitute its own notions of what is right for those of the trial judge, if his judgment was based upon conscience and reason, as opposed to capriciousness or arbitrariness."[24]

## III. DISCUSSION

8.     A court may set aside a final judgment for "[m]istake, inadvertence, surprise, or excusable neglect."[25] Under 60(b)(1), a party seeking to set aside judgment must show that: (1) their conduct in failing to respond was the product of

---

[21] *Robert J. Smith Companies, Inc. v. Thomas*, 2001 WL 1729143, at *2 (Del. Super. Dec. 10, 2001).

[22] *Stevenson v. Swiggett*, 8 A.3d 1200, 1204 (Del. 2010) (citing *Apartment Cmtys. Corp. v. Martinelli*, 859 A.2d 67, 70 (Del. 2004)).

[23] *Harper v. State*, 970 A.2d 199, 201 (Del. 2009) (quoting *Culp v. State*, 766 A.2d 486, 489 (Del. 2001)) (internal quotations omitted).

[24] *Sammons v. Doctors of Emergency Servs., P.A.*, 913 A.2d 519, 528 (Del. 2006) (quoting *Coleman v. PricewaterhouseCoopers, LLC*, 902 A.2d 1102, 1106 (Del. 2006)) (internal quotation omitted).

[25] DEL. SUPER. CT. CIV. R. 60(b)(1); DEL. CT. COM. PL. CIV. R. 60(b)(1).

excusable neglect; (2) they have a meritorious defense that would allow for a different result if the case was heard on the merits; and (3) the plaintiff will not suffer substantial prejudice if the motion is granted.[26]

9. In exercising its discretion under Rule 60(b)(1), the Court, with deference to the policy favoring disposition of cases on their merits, generally favors such motions upon almost any reasonable excuse.[27] At the core of these considerations is an examination of whether the conduct of the moving party was the conduct of a reasonably prudent person.[28] Simply put, the Tenants were unable to meet the initial threshold of excusable neglect.

10. Here CCP correctly found that Tenants' conduct was not excusable. Their only excuse to the lower court was that Watson was busy because of her catering business.[29] "A mere showing of negligence or carelessness without a valid reason may be deemed insufficient."[30] The court properly determined that this was not the act of a reasonably prudent person under the circumstances, especially considering that Watson was present in the courthouse on October 29, 2019 and had

---

[26] *Verizon Del., Inc. v. Baldwin Line Constr. Co., Inc.*, 2004 WL 838610, at *1 (Del. Super. Apr. 13, 2004); *Reeves v. George Teague Jr., Inc.*, 2021 WL 306209, at *3 (Del. Com. Pl. Jan. 28, 2021) (citation omitted).

[27] *Keith v. Melvin L. Joseph Constr. Co.*, 451 A.2d 842, 846 (Del. Super. 1982) (citing *Vechery v. McCabe*, 100 A.2d 460 (Del. 1953)).

[28] *Id.*

[29] *See* Transcript, 22:16-20.

[30] *Watson v. Simmons*, 2009 WL 1231145, at *2 (Del. Super. Apr. 30, 2009) (quoting *Cohen v. Brandywine Raceway Ass'n*, 238 A.2d 320, 325 (Del. Super. 1968)); *see also Reeves*, 2021 WL 306209, at *3 (citation omitted).

been informed that if she wished the judgment to be set aside, she needed to file a motion to vacate. Watson failed to do so.

11. On appeal, Tenants make no argument as to why their failure to file their motion forty-five days after judgment had been entered constitutes excusable neglect or that CCP abused its discretion. Rather, Tenants merely attempt to relitigate the merits of their claim decided in the JP Court in this Court.[31]

12. Upon review of the record, this Court cannot say that CCP abused its discretion in denying Tenants' Motion to Vacate. For the foregoing reasons the CCP decision denying the Motion to Vacate is **AFFIRMED**.

Vivian L. Medinilla
Judge

---

[31] *See* Opening Brief, D.I. 15; Reply Brief, D.I. 17.